JOSHUA PARKER, Respondent, *v.* OLGA I. HOPPE, Appellant.

(Argued October 5, 1931; decided November 17, 1931.)

*Vermont Hatch* and *Thomas Kiernan* for appellant. The conversion of the foreign consideration paid at a rate of exchange existing upon the day of payment is erroneous, even though the rate of exchange used be assumed to be correct. (*Richard* v. *Credit Suisse*, 242 N. Y. 346; *Kupfer Bros. Co.* v. *Chemical Nat. Bank*, 126 Misc. Rep. 13; 216 App. Div. 796; *Guinness* v. *Guaranty Trust Co.*, 124 Misc. Rep. 578; 216 App. Div. 746; *Schochet* v. *Public Nat. Bank*, 220 App. Div. 201; *Bank of United States* v. *National City Bank*, 123 Misc. Rep. 801; *Cantarie San Rocco S. A.* v. *Clyde Shipbuilding & E. Co., Ltd.*, [1924] A. C. 226; Woodward on Quasi Contracts, §§ 260–267; 3 Williston on Contracts, §§ 1454, 1455; Keener on Quasi Contracts, 306; *Richard* v. *Ameri-*

can Union Bank, 241 N. Y. 163; Hoppe v. Russo Asiatic Bank, 235 N. Y. 37; Kantor v. Aristo Hosiery Co., 222 App. Div. 502; 248 N. Y. 630; Zimmermann v. Sutherland, 274 U. S. 253; Deutsche Bank v. Humphrey, 272 U. S. 517; Pektus v. Lietuvos Ukio Bankas, 123 Misc. Rep. 193; Cosmopolitan Trust Co. v. Ciarla, 239 Mass. 32; American Union Bank v. Gubelman, 212 App. Div. 488; Safian v. Irving Nat. Bank, 202 App. Div. 459; 236 N. Y. 513; Pfotenhauer v. Equitable Trust Co., 115 Misc. Rep. 396; 201 App. Div. 864.)

Harris Jay Griston for respondent. The plaintiff is entitled to a judgment for the value of 100,000 rubles in United States money as of the day of payment to the defendant. (Richard v. Credit Suisse, 242 N. Y. 346; Safian v. Irving Nat. Bank, 202 App. Div. 459; 236 N. Y. 513; Sokoloff v. National City Bank, 130 Misc. Rep. 66; 250 N. Y. 69.) In an action by way of restitution, recovery is as of the day of original payment and not as of the breach day. (Legniti v. Mechanics & Metals Nat. Bank, 230 N. Y. 415; Richard v. Credit Suisse, 242 N. Y. 346; Bank of United States v. National City Bank, 123 Misc. Rep. 801; 214 App. Div. 716; Richard v. American Union Bank, 241 N. Y. 163; Sokoloff v. National City Bank, 239 N. Y. 171.) The right to prosecute the action itself arises on either the breach day or the day of rescission, but the measure of recovery in the action is as of the original day of payment, and not as of the breach day. (Schochet v. Public Nat. Bank, 127 Misc. Rep. 447; 220 App. Div. 201; Bank of United States v. National City Bank, 123 Misc. Rep. 801; 214 App. Div. 716.) Plaintiff is entitled to recover interest on the amount recovered from the date the defendant received the money. (Richard v. Credit Suisse, 242 N. Y. 346; Richard v. American Union Bank, 222 App. Div. 115; Pfotenhauer v. Equitable Trust Co., 115 Misc. Rep. 396; 201 App. Div. 846; Safian v. Irving Nat. Bank, 202 App.

Div. 459; 236 N. Y. 513; *Kupfer Bros. Co.* v. *Chemical Nat. Bank*, 126 Misc. Rep. 13; 216 App. Div. 796.)

*Walter H. Pollak* and *Ruth I. Wilson* for G. Frank Dougherty et al., *amici curiæ.* In an action for money had and received to recover a payment made upon a consideration that has totally failed, the plaintiff is entitled to the money paid with interest from the time of payment. (*Richard* v. *Credit Suisse*, 242 N. Y. 355; *Weaver* v. *Bentley*, 1 Caines, 47; *Sokoloff* v. *National City Bank*, 239 N. Y. 171; *Nash* v. *Towne*, 5 Wall. 689; *Ballou* v. *Billings*, 136 Mass. 307; *Van Werden* v. *Assur. Soc.*, 99 Iowa, 621; *Sokoloff* v. *National City Bank*, 239 N. Y. 171; *Bulkley* v. *Rouken Glen, Inc.*, 222 App. Div. 570; 248 N. Y. 647; *Winters* v. *Elliott*, 69 Tenn. 676; *Fort Wayne Electric Co.* v. *Miller*, 131 Ind. 499; *Graham* v. *Estate of Chandler*, 38 Vt. 559; *Trinkle* v. *Reeves*, 25 Ill. 197; *Reid* v. *Reid*, 141 Ky. 402; *Ark-Mo Zinc Co.* v. *Patterson*, 79 Ark. 506; *Alamo Automobile Co.* v. *Schmidt*, 211 S. W. Rep. 804; *Sorensen* v. *Larue*, 47 Idaho, 772; *Marsh* v. *Lorimer*, 164 La. 175.)

*John W. Davis, Frank L. Polk, Allen Wardwell, George H. Gardiner* and *Lansing P. Reed* for Davis, Polk, Wardwell, Gardiner & Reed, *amici curiæ.* In an action for money had and received based on a rescission for defendant's breach or non-performance of the contract, an amount recoverable in foreign money is to be converted into dollars at the rate of exchange on the date of breach or non-performance, and not on the date of payment. (*Safian* v. *Irving Nat. Bank*, 236 N. Y. 513; *Petkus* v. *Lietuvas Ukio Bankas*, 123 Misc. Rep. 193; *Fliker* v. *State Bank*, 94 Misc. Rep. 609; *Plischner* v. *Taylor*, 193 N. Y. Supp. 236; *Bank of United States* v. *National City Bank*, 123 Misc. Rep. 801; *Richard* v. *Credit Suisse*, 124 Misc. Rep. 3; 214 App. Div. 705; 242 N. Y. 346; *Schochet* v. *Public Nat. Bank*, 220 App. Div. 201.)

An amount recoverable in foreign money is to be converted into dollars as of the date of the accrual of the cause of action. (*Sokoloff* v. *National City Bank*, 250 N. Y. 69; *Deutsche Bank* v. *Humphrey*, 272 U. S. 517; *Hoppe* v. *Russo-Asiatic Bank*, 235 N. Y. 37.) A cause of action for money had and received on a rescission for defendant's breach or non-performance accrues on the date of breach or non-performance. (*Bank of United States* v. *National City Bank*, 123 Misc. Rep. 801; 214 App. Div. 716; *Kupfer Bros. Co.* v. *Chemical Nat. Bank*, 126 Misc. Rep. 13; 216 App. Div. 796; *Schochet* v. *Public Nat. Bank*, 220 App. Div. 201; *Bykowsky* v. *Public Nat. Bank*, 209 App. Div. 61; 240 N. Y. 555; *Wakulaw* v. *State Bank*, 214 App. Div. 673; *Ahrens* v. *Guaranty Trust Co.*, 125 Misc. Rep. 443; *Huminsky* v. *Gary Nat. Bank*, 107 W. Va. 658.) Interest on the amount recovered begins to run on the date of the breach or repudiation, and not on the date of payment. (*Harkavy* v. *Ginzburg*, 170 N. Y. Supp. 927; *Warren* v. *Banning*, 67 Hun, 649; *American District Telegraph Co.* v. *City of New York*, 213 App. Div. 578; 243 N. Y. 565; *Lessenich* v. *Sellers*, 119 Iowa, 314; *Stern* v. *Barrett*, 202 App. Div. 830; 235 N. Y. 613; *Dermer* v. *Barrett*, 202 App. Div. 828; 235 N. Y. 588; *Schochet* v. *Public Nat. Bank*, 220 App. Div. 201; *Bykowsky* v. *Public Nat. Bank*, 209 App. Div. 61; 240 N. Y. 555; *Bratspies* v. *Barrett*, 122 Misc. Rep. 684.)

CRANE, J. On August 10, 1917, plaintiff's assignor, Kamendrovsky, entered into a written contract with the defendant for the purchase of 5,000 poods (approximately eighty-five tons) of Scotch paraffin wax at the price of 24 rubles per pood, c. i. f. Archangel, or 120,000 rubles for the entire purchase. The wax had been purchased by the defendant abroad and was expected at Archangel during the navigation season. Due to climatic conditions as well as international arrangements the contract contained this clause: "A delay in the delivery of the mer-

chandise cannot serve as a basis for a refusal on your part to accept same." The terms of the contract were these: " In payment of this contract you have to pay us now the amount of Rub. 100,000 — and the balance immediately upon delivery of the merchandise at Archangel. Delivery upon arrival at Archangel depending on conditions of shipment as stated above, excepting unavoidable obstacles." The contract was made in Moscow, Russia, and on August 11, 1917, the defendant was paid at Moscow the 100,000 rubles called for by the agreement. The paraffin wax was not shipped from England, where it was, during the next open season for navigation and was kept in England by the defendant until she sold it in April of 1918, just prior to the shipping season for that year, which opened in May. The wax was never delivered or tendered to Kamendrovsky, the defendant completely failing to perform her contract. She kept, however, the 100,000 rubles, and this action has been brought in New York to recover the same, or their value in our currency. Kamendrovsky has taken the position that he rescinded this contract for non-performance on March 17, 1921, by a letter in which he stated to the defendant: " I purchased of you in Moscow 5000 poods of paraffin, which I have not received and which has been left in London, and the cost of which has been covered by me personally to the extent of 100 thousand rubles and the balance of the sum, which I do not know, has been paid for my account by Mr. Dobkin. I am desirous of having this account also settled in cash money. I do hope that you will not refuse to grant my request, and I thank you in anticipation."

The rate of exchange on the day of payment to the defendant, August 11, 1917, has been fixed by agreement or consent of the parties at 4.41 rubles to the United States dollar, or 22.676 cents to the ruble. On this basis the 100,000 rubles were valued in our currency at $22,676, for which sum, with interest from the date of payment,

the Appellate Division has awarded summary judgment to the plaintiff. The defendant-appellant admits the breach or failure to perform, but disputes the amount of damages awarded, claiming that the date for figuring the rate of exchange or the amount of damages should be taken as of the day of the breach and not as of the day of payment.

This is a Russian contract, made at Moscow, where the purchase price was paid. The goods were to be delivered in Russia. What were Kamendrovsky's damages or his rights on breach or failure of performance? He could have sued for damages or to recover the purchase price. He has sought the latter remedy, and if this action had been brought in Russia he would have received, no doubt, his 100,000 rubles, but he would have received them as the currency of the country and its medium of exchange. His judgment would have been for the 100,000 rubles with interest from the date of payment, figured as rubles, because this would be the money of the realm which he had paid to the defendant. The ruble would be taken as money and not valued as a commodity. No attention would be given to the purchasing value of the ruble or its drop in value on the foreign exchanges.

When one sues here to recover $100,000 paid a year or more ago as the purchase price on an unfulfilled contract, he is given by the courts the $100,000, with interest from the date of payment, without any consideration to the purchasing value of the dollar. The dollar is taken as money and not as a commodity. We would not expect that an action brought in a foreign country upon such a contract would give a profit to the plaintiff by exchange fluctuations. The money value of the judgment obtained in the foreign country should and would equal the value here of the dollar as of the time the plaintiff was entitled to it.

This is the rule to be applied to this case. The plaintiff sues here to recover the value of the rubles which

would have been given to him by a court in Russia, provided those courts were functioning properly and in accordance with law. However, in order to ascertain the value of the 100,000 rubles returned to him in dollars, it is necessary to figure a rate of exchange which fluctuates with time, and it is reasonable and just to take the time as of the date when Kamendrovsky was entitled to receive them. Ordinarily this would be the date of the breach of the contract or the date of the demand. We do not need to determine on this application for summary judgment whether it should be the one of these or the other (*i. e.*, the date of breach or the date of the declaration of an election to rescind), for there is no evidence that there was any substantial difference between the two. The plaintiff makes no point that such a difference exists, but contends for a different date altogether, the date, that is to say, when the rubles were paid in Russia in accordance with the contract. That contention we reject, holding that the date of payment is not the one to be applied.

In *Sokoloff* v. *National City Bank* (250 N. Y. 69, p. 81) this court said: " The contract was broken, as of September 1, 1918, when the Petrograd Branch ceased to function. On that date, he was entitled to 120,000 rubles in Petrograd. He wanted them and did not get them. His damages are to be measured according to the value of rubles as of that date in Petrograd measured in dollars in New York city, where he has sought his remedy." (See, also, *Richard* v. *American Union Bank*, 241 N. Y. 163; *Richard* v. *Credit Suisse*, 242 N. Y. 346.)

The respondent thinks that we have decided differently in *Richard* v. *Credit Suisse* (*supra*), especially in our treatment of the third cause of action in that case. Whether or not there had been a breach of the contracts was the main point involved in that case fully discussed in the opinion by the chief judge. The time at which the rate of exchange should be taken was not involved

nor touched upon or discussed upon the briefs of counsel, as a ready reference to the appeal book will show. The amount to be paid back was there determined by agreement of the parties and taken by this court at the rate fixed by them as well as determined by the peculiar wording of the agreement sued upon. Where dollars have been paid here to establish a credit abroad or to make payment abroad and the transaction has fallen through, the plaintiff has been allowed to recover, in actions brought here, the dollars paid. (*Safian* v. *Irving Nat. Bank*, 236 N. Y. 513.) No question of conversion of foreign money or the value of foreign money was involved in such instances, and cases like the *Safian* case are not authorities upon the proposition here presented.

As heretofore stated, the damages upon breach of contract are to be measured as of the day of the breach, as a general rule. (*Hoppe* v. *Russo-Asiatic Bank*, 235 N. Y. 37.) And this also applies to that form of action termed a " rescission," which is really one for money had and received when the defendant completely fails to perform. In this latter instance the date would generally be the time when the plaintiff would be entitled to the return of his money, and this, ordinarily, would be the time when the defendant breached his contract and failed to perform or else the time when there was notice of an election to rescind unless circumstances indicated an extension or some other date. (*Richard* v. *Credit Suisse*, 242 N. Y. 346, p. 351; 3 Williston on Contracts, § 1469; Woodward on Quasi-Contracts, § 267; and Keener on Quasi-Contracts, p. 309.)

We do not mean to say that the Statute of Limitations would begin to run from the time of notice of rescission rather than from the time of the breach even if we were to hold that the time of notice would determine the value of the rubles. Williston, in section 1455 of his Contracts (Vol. 3), says: " The right of rescission and restitution generally exists as an alternative remedy where there has been

repudiation or a material breach of a contract." And Woodward, by section 260 says: " This right to restitution would seem to be in reality nothing more than an alternative remedial right arising from the violation of the contract." And at section 267: " The right arises upon the repudiation or breach, and is barred by the statute of limitations at the same time as is the right to compensation in damages." (*Schochet* v. *Public Nat. Bank*, 220 App. Div. 201; *Bank of United States* v. *National City Bank*, 123 Misc. Rep. 801; affd., 214 App. Div. 716.) The plaintiff cannot extend the time within which an action may be brought by postponing his choice of alternative remedies. This does not involve the conclusion that he may not by such postponement affect the time at which his recovery will be converted into foreign money. The plaintiff is at least entitled to the return of his money if he wants it at the time of the breach.

But while this is true, it is not always easy to determine the date of the breach. In this case, which is a motion for summary judgment on pleadings and affidavits, there may be uncertainty as to the time when the plaintiff's assignor was entitled to the return of his money. As heretofore quoted, the contract provided that a delay in the delivery of the merchandise cannot serve as a basis for a refusal to accept, and it appears from the affidavits that deliveries could only be made during the open season, which occurred after the first of May. The first season of 1917 apparently was considered by all parties as too late for delivery, and by May of 1918 the wax had been disposed of. Yet possibly the defendant might have made deliveries by procuring other wax before the closing of the season in October or November of 1918. Under these circumstances the plaintiff's assignor would not have been entitled to the return of his money until the lapse of a reasonable time for the time of performance of the contract or possibly the time of his first demand

and repudiation of the contract. Neither party, we take it, by these affidavits, or upon this appeal, has attempted to fix what we may call the day of the breach. Sufficient for us at this time to decide the questions which have been argued and hold that the date of payment fixed by the courts below is not the time to be taken for determining the· rate of exchange.

As to the interest, we think it should be computed from the time of payment, the principal on which the interest is to accrue to be valued as of the date of breach or of notice of rescission. We do not know whether the rate of interest under Russian law differs from our own. The question does not have to be determined at this time which rate should be applied if the two are different. (Restatement of Conflict of Laws, American Law Inst., §§ 456–458.) We leave that question for the trial.

The case at hand in which the plaintiff paid rubles in the first instance, the transaction taking place in Russia, is to be distinguished from cases where a plaintiff has paid dollars with directions to invest them in rubles. In such cases the recovery will be for the dollars expended, and not merely for the value of the rubles, if the action is one in which the plaintiff is entitled to disaffirm the transaction and recover the payment made.

For the reasons here stated the judgment of the Appellate Division should be reversed, the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.