[No. B012447. Second Dist., Div. Five. Dec. 16, 1986.]

In re the Marriage of BARBARA A. and JAMES E. WICKANDER.
BARBARA A. WICKANDER, Appellant, v.
JAMES E. WICKANDER, Respondent.

## COUNSEL

Neal Raymond Hersh and Linda S. Gross for Appellant.

Reinjohn, Clements, Burgess, Holston & Green and Dixon M. Holston for Respondent.

## OPINION

**ASHBY, Acting P. J.**—Appellant Barbara Wickander (Wife) brings this appeal to set aside a January 1985 trial court order in favor of James Wickander (Husband). The January order partially vacated a prior order favoring wife. The trial court erred in granting the partial vacation, and the order is reversed.

Husband and Wife were married in March 1982. Wife originally filed for dissolution in October of that year. Numerous reconciliations followed. On February 29, 1984, Wife signed a marriage settlement agreement (MSA) and a declaration for a default dissolution. On June 2, 1984, she again signed a copy of the MSA. Wife was represented by counsel, Mr. Blumberg, at both times, but counsel was not present at either signing. On June 8, 1984, Wife substituted in, in propria persona, for Mr. Blumberg. On September 17, 1984, a judgment dissolving the marriage was entered pursuant to the declaration for default dissolution[1] signed in February. On September 18 Blumberg became Wife's attorney once again.

On October 1 Wife filed a motion to vacate the judgment and the MSA. On December 6, 1984, the trial court granted Wife's motion on the ground that Wife signed both documents out of the presence of her attorney, though she was represented by counsel at the time. The trial court specifically found against Wife on the alternate grounds for the vacation, i.e., fraud, undue influence or oppression.

Husband brought a motion for reconsideration (Code Civ. Proc., § 1008)[2] and a motion to vacate the December 6 order (§ 663). Though the motion for reconsideration was denied, the trial court partially vacated the December 6 order: the judgment of dissolution remained vacated, but the MSA was reinstated. This appeal followed.

## DISCUSSION

Wife contends that it was error for the trial court to hear Husband's motion to vacate pursuant to section 663. Section 663 provides that a judgment may be vacated when an incorrect or erroneous legal basis was used for the decision. Wife argues that because the December 6 decision was an order, not a judgment, section 663 is inapplicable. Husband cites two cases which

---

[1] The declaration states that the parties entered into an agreement regarding their property, apparently the MSA, and asks the court to approve the agreement. Though the record does not affirmatively show the court's approval, it is implied in the judgment and by the ruling on Wife's subsequent motion to vacate.

[2] All statutory references are to the Code of Civil Procedure.

state that section 663 is available to reconsider an order. *Greene* v. *Superior Court* (1961) 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249], concerned an order granting alimony which is "directly appealable as a final judgment." *Chase* v. *Superior Court* (1962) 210 Cal.App.2d 872, 875 [27 Cal.Rptr. 383], concerned an order of dismissal, which is considered a final judgment. ■ The December 6 order vacated a judgment. That order is not a final judgment but a special order after judgment, and is directly appealable. (*Colby* v. *Pierce* (1936) 15 Cal.App.2d 723, 725 [59 P.2d 1046].) No authority holds that section 663 is available to review a special order after judgment. Because the order is not itself a final judgment, Wife is probably correct in her contention that Husband's motion should not have been heard pursuant to section 663. But we need not decide the issue to reach the merits of the appeal. If hearing the motion pursuant to section 663 was correct, the January order is appealable. (*Laykin* v. *Karsh* (1931) 117 Cal.App. 687, 690 [4 P.2d 619].) If it was incorrect, we would treat the appeal as a petition for a writ of mandamus and thereby reach the merits.

■ Wife contends that the MSA should be set aside because, like the default judgment, it was obtained in violation of the State Bar Rules of Professional Conduct, rule 7-103.[3] Though Wife's authority does not precisely support her position, she is correct in saying that the trial court should not have accepted either MSA. "'. . . While there is an attorney of record, no stipulation as to the conduct or disposal of the action should be entertained by the Court unless the same is signed or assented to by such attorney. . . .'" (*Magee* v. *Superior Court* (1973) 34 Cal.App.3d 201, 213 [109 Cal.Rptr. 758] [disapproved on another ground in *People* v. *Norris* (1985) 40 Cal.3d 51, 56-57 [219 Cal.Rptr. 7, 706 P.2d 1141]], quoting *Board of Commissioners* v. *Younger* (1865) 29 Cal. 147, 149; *People* v. *McCary* (1985) 166 Cal.App.3d 1, 11, fn. 8 [212 Cal.Rptr. 114].) Husband seeks to distinguish *Magee* on the ground that it is a criminal case. The case upon which *Magee* relies and which it extensively quotes, *Board of Commissioners* v. *Younger, supra,* however, is a civil case. Husband further contends that *Magee* and *Younger* are not controlling because "there was nothing contrary to the representation of Mr. Blumberg which was 'entertained by the Court.'" (*Magee* v. *Superior Court, supra,* 34 Cal.App.3d at p. 213.) What was entertained contrary to the representation by Mr. Blumberg are the documents contested by Wife's section 473 motion, i.e., the default dissolution and the MSA. We reject Husband's contention and find *Magee* and *Younger* controlling.

---

[3]Rule 7-103 prohibits attorneys from communicating with parties represented by counsel on a controverted matter without the express consent of counsel.

Although neither the minute order nor the transcript of the hearing from which this appeal follows clearly states, the record indicates that the trial court believed that Wife re-signed the MSA after she substituted in as her own attorney, and ratified the MSA thereby. The dates on the documents clearly show that Wife was still represented by counsel on June 2 when she signed the MSA for the second time. The court should not have accepted either copy of the MSA under the circumstances.

Husband seeks to rely on an additional document to further the ratification theory. He argues that by signing a paper entitled "Escrow Instruction" on July 4, 1984, Wife ratified the signing of the MSA that occurred after Blumberg was substituted out on June 2. The document, however, has two purposes and two places for signatures. The first part concerns the documents at issue here, among others, which were to be given to Husband's attorney who would act as escrow. When Wife received her personal property from Husband's residence, Husband's attorney was authorized to file the documents. That portion of the paper is not signed. Below it is an acknowledgment by Wife that she received her property from Husband's residence. That is the section signed by Wife on July 4. Because her signature appears on the receipt portion, it is insufficient evidence of her ratification of the documents previously signed.

In light of our ruling, we need not and do not address Wife's argument that the trial court erred in setting aside the judgment but not the MSA, or that the trial court erred in failing to set aside the MSA on the ground of reconciliation.

We uphold the trial court's factual finding that Wife was not a victim of fraud, oppression or undue influence in signing of the documents in question.

The order of the trial court is reversed. Husband to pay costs on appeal.

Hastings, J., and Eagleson, J., concurred.