[No. B036794. Second Dist., Div. Six. May 9, 1990.]

In re the Marriage of ARLISS D. and EUGENE A. MARICLE.
EUGENE A. MARICLE, Respondent, v.
ARLISS D. MARICLE, Appellant.

**COUNSEL**

Donald J. Parrish for Appellant.

Armstrong & Armstrong and Laurie Armstrong for Respondent.

**OPINION**

**GILBERT, J.**—Parties represented by counsel in a marital dissolution action entered into an oral agreement to divide certain community property. The parties did not inform their attorneys. Here we hold that the trial court should not enforce such an agreement merely because it was made. We reverse.

### FACTS[1]

The parties were married in June of 1963. Husband filed a petition to dissolve the marriage in November of 1983, and the court acquired jurisdiction over wife on January 9, 1984. The action was tried in February of 1988.

Both parties worked for the federal government, and each had a civil service pension plan. At the time of trial, husband had over 30 years and

---

[1] The facts are taken from the settled statement of the parties. (Cal. Rules of Court, rule 7(a), (b).)

wife had over 28 years of continuous federal civil service employment. Husband's salary at the time of trial was $50,150, and wife's salary was $32,600.

Early in 1984, while the action was pending and while both parties were represented by attorneys, husband and wife entered into an oral agreement. They decided to divide a portion of their community assets and obligations,[2] but they did not tell their attorneys. They agreed that the family residence would be sold and wife would receive all of the proceeds. With the proceeds wife would pay approximately $15,000 in community debt and use the remainder to purchase a mobilehome to live in. Husband would keep all of his pension plan, and wife would keep all of hers. The terms of the agreement were performed in 1984.

It was at trial, more than three years later, when the attorneys first learned of the agreement. The court found that the parties had entered into the agreement without fraud, oppression or undue influence, and that the community interest in the residence and the parties' respective pension plans had been divided by the fully executed oral agreement. Over wife's objection the court confirmed that the interests divided were the separate property of the parties.

There was no evidence concerning the value of the pension plans, nor was there evidence that the proceeds paid to wife from the sale of the family home plus her pension plan were equal to husband's pension plan. Wife appeals.

## DISCUSSION

■ Wife's contention that enforcement of the oral agreement violated Civil Code[3] section 4800 has merit.

Subdivision (a) of that section provides in part: "Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, or as otherwise provided in this section, the court shall . . . divide the community estate of the parties equally." Here the agreement was neither in writing nor stipulated to in open court, nor did any other exception to section 4800 apply.

Husband attempts to avoid the application of section 4800. He argues that because the proceeds from the sale of the residence and the pension

---

[2] Agreements for the transmutation of community property to separate property were not required to be in writing by Civil Code section 5110.730 until January 1, 1985.

[3] All further statutory references are to the Civil Code unless otherwise specified.

plans were transmuted into separate property by the fully executed agreement, they did not come before the court as part of the community estate. This argument lacks merit.

Those assets were part of the community estate at the time the action was commenced, and as such, their division was governed by section 4800. The purpose of the statute is to prevent overreaching by one of the parties and to ensure that the rights of a party are not dependent on faulty recollection or false testimony. (See *In re Marriage of Elkins* (1972) 28 Cal.App.3d 899, 903-904 [105 Cal.Rptr. 59].) To allow the enforcement of a private oral agreement would sanction an exception to the statute not contemplated by the Legislature.

■ Moreover, even if section 4800 were not applicable, as a matter of policy, where a party is represented by an attorney of record, the court should not accept a stipulation or agreement made without the knowledge and consent of the attorney. (*In re Marriage of Wickander* (1986) 187 Cal.App.3d 1364, 1367 [232 Cal.Rptr. 621].) Of course, a party may wish to ratify such an agreement even after being advised by his or her attorney not to do so. Where the court is satisfied that the decision is knowingly and intelligently made, it may accept the agreement even without the attorney's consent. Here, however, there was no such ratification. The court erred by accepting the agreement.

The judgment is reversed. Wife is awarded costs on appeal.

Stone (S. J.), P. J., and Abbe, J., concurred.