942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JARROW FORMULAS, INC., a California corporation, Plaintiff-Appellant,
v.
NATURE'S WAY PRODUCTS, INC., an Arizona corporation, and
Murdock International Corp., an Arizona
corporation, Defendants-Appellees.
JARROW FORMULAS, INC. Plaintiff-counter-defendant-Appellant,
v.
NATURE'S WAY PRODUCTS, INC., Murdock International
Corporation, Defendants-counter-claimants-Appellees.
 Nos. 91-55584, 90-55873.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1991.
Withdrawn June 7, 1991.
Resubmitted Aug. 19, 1991.
Decided Aug. 30, 1991.
 
 Before D.W. NELSON, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This memorandum disposition resolves two consolidated appeals: Jarrow first appealed the denial of its motion for a preliminary injunction (No. 90-55873). While this appeal was pending, the district court found that the parties had settled their dispute, and accordingly dismissed the case. Jarrow appealed this finding of settlement and consequent dismissal (No. 91-55584). We uphold the validity of the settlement, affirm the dismissal, and therefore dismiss Jarrow's first appeal as moot.
 
 
 3
 We must affirm a district court's finding of fact that a party consented to a settlement and intended to be bound by it unless clearly erroneous. Ahern v. Central Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir.1988). We review a district court's decision to enforce a settlement agreement without an evidentiary hearing for abuse of discretion. Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987); see also Adams v. Johns-Mansville Corp., 876 F.2d 702, 704 (9th Cir.1989). To conserve judicial resources and limit costly litigation, we favor and encourage settlements. Ahern, 846 F.2d at 48; see also In re Marriage of Hasso, 229 Cal.App.3d 1174, ----, 280 Cal.Rptr. 919, 925 (1991). We examine the validity of the settlement under California law.
 
 
 4
 Jarrow argues that California law precludes a litigant represented by counsel from executing a binding settlement without the advice of counsel. Jarrow bases this position on three cases: In re Maricle, 220 Cal.App.3d 55, 58, 269 Cal.Rptr. 204, 205 (1990); In re Wickander, 187 Cal.App.3d 1364, 1367, 232 Cal.Rptr. 621, (1986); and Magee v. Superior Court, 34 Cal.App.3d 201, 213, 109 Cal.Rptr. 758, 765 (1973). These cases provide remarkably weak support for the proposition Jarrow seeks to advance. Magee teaches that a criminal defendant represented by counsel cannot manage his case pro per. Wickander holds that a marriage settlement agreement signed out of the presence of counsel is not an acceptable basis for division of community property in a divorce. Maricle was also a marriage settlement agreement/community property case, which held invalid an oral agreement by divorcing parties to divide property. Maricle's ruling rested upon California Civil Code section 4800, but in dicta the panel noted that courts should not accept oral agreements by divorcing parties to divide community property made without the knowledge of counsel.
 
 
 5
 Recently, a California Court of Appeal examined precisely the issue Jarrow raises regarding the role of attorneys in settlement. The court in Hasso carefully analyzed whether the three cases Jarrow uses support the proposition Jarrow claims by tracing the reasoning of those cases almost as far back as the civil war. Hasso, 229 Cal.App.3d. at , 280 Cal.Rptr. at 923-25. After this exhaustive investigation the Hasso court rejects the overly broad conclusion that parties cannot settle lawsuits without their attorneys. Likewise, we repel Jarrow's contention that its corporate president and primary owner could not validly settle its suit with Nature's Way without his attorney's advice.
 
 
 6
 California law clearly allows litigants to settle lawsuits personally without the presence or consent of counsel. Cal.Civ.Proc.Code § 664.6; 1 B. Witkin, California Procedure, Attorneys § 190 (3d ed. 1985). Such settlements are valid even if resulting from poor business judgment, provoking regret by the signatories or retained counsel as perhaps in the instant case.
 
 
 7
 Jarrow also argues that the district court abused its discretion in failing to hold an evidentiary hearing regarding the settlement. While conceding that district courts have authority to enforce summarily complete settlements, Jarrow contends that if dispute exists over the existence of an agreement then an evidentiary hearing must be held. Callie, 829 F.2d at 890. Jarrow's argument on this point is stronger than on the first. However, this issue receives a higher standard of review. Under the abuse of discretion standard, we will not reverse absent a definite and firm conviction that the district court committed a clear error of judgment. Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir.1988); Parker v. Joe Lujan Enters., 848 F.2d 118, 121 (9th Cir.1988).
 
 
 8
 The "Letter of Understanding" signed by the parties clearly evidences a settlement of all issues and an agreement to dismiss all pending claims and counterclaims. Thus Jarrow could not demonstrate a material dispute regarding the existence and effect of the agreement. Given the straightforward language of the settlement we cannot steadfastly avow that the district court abused its discretion. See Wilkinson v. F.B.I., 922 F.2d 555, 558-59 (9th Cir.1991).
 
 
 9
 Lastly, when events subsequent to the filing of an appeal moot the issue, no justiciable controversy remains for us to decide. A valid settlement agreement moots an appeal. Societe Nationale Industrielle Aerospatiale v. United States, 823 F.2d 382, 383 (9th Cir.1987); FDIC v. Jennings, 816 F.2d 1488, 1491 (10th Cir.1987); Ringsby Truck Lines v. Western Conf. of Teamsters, 686 F.2d 720, 721 (9th Cir.1982). Therefore, we dismiss Jarrow's first appeal (No. 90-55873) because we lack jurisdiction to hear a case which cannot affect the rights of the litigants. See U.S. Const. art. III, § 2; De Funis v. Odegaard, 416 U.S. 312, 316 (1974); Riverhead Sav. Bank v. National Mort. Equity Corp., 893 F.2d 1109, 1112 (9th Cir.1990); Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989).
 
 
 10
 No. 91-55584 AFFIRMED.
 
 
 11
 No. 90-55873 DISMISSED AS MOOT.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3