[No. B057086. Second Dist., Div. Six. June 9, 1992.]

In re the Marriage of JUDITH W. and RONALD G. HARRINGTON.
JUDITH W. HARRINGTON, Appellant, v.
RONALD G. HARRINGTON, Respondent.

COUNSEL

Taylor, McCord, Johnson, Conroy & Praver and Richard L. Taylor for Appellant.

Smith & Greenberg, Leonard H. Smith and Beth I. Greenberg for Respondent.

## OPINION

**GILBERT, J.**—Husband and wife dissolve their marriage. They sell their home at a profit and divide the proceeds. The capital gains taxes due from the profits are not the same for each party. Under the facts here we hold that each party alone is liable for his or her capital gains taxes.

Wife Judith W. Harrington appeals an order denying her motion that husband Ronald G. Harrington pay one-half of the capital gains taxes recognized upon her share of profits realized from the sale of the family residence. The trial court properly decided each party alone was liable for capital gains taxes due upon his or her share of the profits. We affirm.

### FACTS

On January 5, 1988, Judith W. Harrington brought a petition to dissolve her nearly 25-year marriage to Ronald G. Harrington. Six months later, the Harringtons sold the family residence and realized a profit of $480,000. Husband and wife divided the $480,000 profit equally. Husband, a lawyer, then used part of his proceeds to purchase wife's community property interest in his law firm and to pay wife for her waiver of spousal support.[1]

In court proceedings husband declared he and wife orally agreed that each of them alone would be liable for any capital gains income taxes resulting from his or her equal share of the $480,000 profit. (Int.Rev. Code, §§ 1001, 1221; Rev. & Tax. Code, § 18031.) Husband stated he and wife discussed the subject often. Husband offered his legal expertise to suggest ways in which wife could defer recognition of capital gains taxes upon her share of the proceeds. The family accountant also declared that wife acknowledged her capital gains tax obligation concerning one-half of the $480,000, or $240,000.

In contrast, wife declared she and husband had no oral agreement concerning responsibility for the capital gains taxes. Although she stated that she and husband frequently discussed methods to defer recognition of taxes, "[she] never made any agreement whatsoever [to] pay any particular portion of [the] taxes . . . ."

---

[1]For tax purposes, sale of the home yielded a "profit" of $480,000. Actual cash distributed to the Harringtons approximated $300,000. Apparently the remaining $180,000 was used to pay lenders, transactional costs or other debts.

The parties' written marital settlement agreement stated that "[t]he Court shall retain jurisdiction over the 1988 [tax] returns and all other jointly filed returns." It said nothing about liability for capital gains taxes.

Within two years of the sale of the family home, husband acquired a replacement residence in Ventura for $251,250. By so doing, he successfully deferred recognition of capital gains tax on the $240,000 profit he realized from sale of the family residence. (Int.Rev. Code, § 1034(a); Rev. & Tax. Code, § 18031.)

Within the same two years, wife purchased a condominium in Chicago for $120,000 and invested $5,000 in condominium improvements. She thus deferred recognition of capital gains tax on only $125,000 of the $240,000 profit she realized from sale of the family home. Wife incurred a capital gains tax of $52,000, reportable and due upon husband and wife's joint 1988 federal and state tax returns.

Wife sought an order in the trial court requiring husband to pay one-half of the $52,000 capital gains taxes then due. In support of her order, wife declared she had changed occupations and was not yet self-supporting. After moving to Chicago, she abandoned her profession as a schoolteacher due to her fears for her personal safety in the schools. Her current occupation, a personnel consultant, had not afforded her any commissions after 10 months' labors. Wife stated she used her share of the community property proceeds to support herself and could not pay the mortgage payments on a more expensive residence.

The trial court denied wife's motion and found husband and wife had an agreement that each alone would be liable for any capital gains income taxes recognized after division of the community property. The court also determined husband and wife should bear the tax burdens equally, any agreement aside. Wife's appeal followed.

On appeal wife argues 1) equal division of the community liabilities requires husband to pay one-half of the $52,000 capital gains taxes, and 2) enforcement of any oral agreement between them violates Civil Code section 4800, *In re Marriage of Maricle* (1990) 220 Cal.App.3d 55, 57-58 [269 Cal.Rptr. 204], and Code of Civil Procedure section 664.6

## DISCUSSION

### I.

Wife contends an equal division of the assets and liabilities of the community property under Civil Code section 4800 compels equal liability

for capital gains income taxes when those taxes are recognized. She argues the taxes arose because a community asset appreciated during marriage, and therefore tax liability must be shared equally. She claims burdening her with 100 percent of the $52,000 tax penalizes her for her inability to earn as much income as husband. Wife asserts she has acted responsibly and prudently in investing in a relatively inexpensive condominium to save the remainder of her separate property for her present support and future retirement.

Federal and state tax laws treat residential real property as a capital asset, yielding a taxable capital gain or profit upon sale. (Int.Rev. Code, §§ 1001, 1221; Rev. & Tax. Code, § 18031.) The tax laws also permit a postponement or deferral of income taxes upon the taxable gain if the selling taxpayer purchases, within two years of sale of the old residence, a new residence for an amount at least equal to the "adjusted sales price" of the old residence. (Int.Rev. Code, § 1034(a); Rev. & Tax. Code, § 18031.)

■ These deferral or postponement provisions of the federal and state tax laws obviously make it impossible to gauge what the ultimate tax gain liability will be. (*In re Marriage of Epstein* (1979) 24 Cal.3d 76, 88 [154 Cal.Rptr. 413, 592 P.2d 1165].) With successive purchase and sale of replacement residences by the taxpayer, the capital gains income taxes may be postponed for an indeterminate period of time. The trial court cannot realistically apportion tax liability because of the uncertainty as to what the ultimate tax burden will be. (*Id.*, at p. 88, fn. 10.)

Civil Code section 4800, subdivision (a) requires the trial court, in dividing community assets and liabilities upon dissolution, to distribute the assets so that each party receives an equal share after deduction of community liabilities. (*In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 748 [131 Cal.Rptr. 873, 552 P.2d 1169].) Once having divided the community property equally, the court is not required to speculate concerning what either party may do with his or her share, thereby incurring recognition of tax liability. (*Id.*, at p. 749.) Whether either party could defer capital gains taxes depends upon factors unrelated to the equal division of community property. (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 857-858 [192 Cal.Rptr. 212].) These factors include individual income two years later, individual savings, receipt of gifts or inheritance, ability to borrow money, and other circumstances not pertinent to the division of community property. (*Id.*, at p. 858.)

■ Here a taxable event—sale of residential real property—occurred during dissolution proceedings. Each party is equally liable for any income taxes incurred on his or her capital gain. The trial court was not required to

account for the possibility that either spouse may or may not be able to postpone recognition of capital gains taxes by purchasing a replacement residence within two years. (*In re Marriage of Epstein, supra,* 24 Cal.3d 76, 88, fn. 10.) Neither is it appropriate for the trial court to retain jurisdiction to consider apportionment of tax liabilities when any capital gains taxes become recognized. (*In re Marriage of Davies, supra,* 143 Cal.App.3d 851, 858.) The court's jurisdiction can not continue on and on into the indefinite future.

Wife mistakenly relies upon *In re Marriage of Epstein, supra,* 24 Cal.3d 76, *In re Marriage of Davies, supra,* 143 Cal.App.3d 851, and *In re Marriage of Clark* (1978) 80 Cal.App.3d 417 [145 Cal.Rptr. 602]. Those decisions concerned unequal distribution of proceeds from the sale of a community asset in order to equalize the uneven division of other community assets. Under those circumstances, each party is responsible for one-half of the capital gains taxes incurred by the sale, regardless of the party's share of the sale proceeds. (*In re Marriage of Davies, supra,* at pp. 856-857.) Although husband used some of the proceeds arising from sale of the family residence here to buy wife's community property interest in his law firm and her waiver of spousal support, husband has not requested apportionment of his tax liability, if any.

## II.

Because the trial court's order imposing tax liability upon each party for his or her share of the capital gain was proper as a matter of law, we do not consider whether husband and wife had a valid oral agreement to apportion tax liability. ■ If any applicable ground supports the trial court's order, the reviewing court will affirm the judgment. (*In re Marriage of Jacobs* (1982) 128 Cal.App.3d 273, 284 [180 Cal.Rptr. 234].)

Accordingly, the judgment is affirmed. Wife is to bear costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 24, 1992.