# United States Court of Appeals for the Federal Circuit

_____

**SERTA SIMMONS BEDDING, LLC, DREAMWELL, LTD.,**
*Plaintiffs-Appellants*

**v.**

**CASPER SLEEP INC.,**
*Defendant-Cross-Appellant*

_____

2019-1098, 2019-1159

_____

Appeals from the United States District Court for the Southern District of New York in No. 1:17-cv-07468-AKH, Judge Alvin K. Hellerstein.

_____

Decided:  February 13, 2020

_____

PAUL MICHAEL SCHOENHARD, McDermott, Will & Emery LLP, Washington, DC, argued for plaintiffs-appellants. Also represented by IAN BARNETT BROOKS, SARAH HOGARTH, NICOLE M. JANTZI.

KATHERINE QUINN DOMINGUEZ, Gibson, Dunn & Crutcher LLP, New York, NY, argued for defendant-cross-appellant.  Also represented by JOSH KREVITT; ANDREW WILLIAM ROBB, STUART ROSENBERG, Palo Alto, CA; NATHAN ROBERT CURTIS, Dallas, TX.

_____

Before DYK, PLAGER, and STOLL, *Circuit Judges.*

DYK, *Circuit Judge.*

Serta Simmons Bedding, LLC and Dreamwell, Ltd. (together, "Serta Simmons") own U.S. Patent Nos. 7,036,173 ("the '173 patent"), 7,424,763 ("the '763 patent"), and 8,918,935 ("the '935 patent"). Serta Simmons sued Casper Sleep Inc. ("Casper") for infringement of certain claims of those patents. The parties executed a settlement agreement and advised the district court of the settlement. The district court nevertheless granted Casper's summary judgment motions of non-infringement. It later denied Serta Simmons's motions to vacate the summary judgment order and to enforce the settlement agreement.

We vacate the district court's judgment and remand with instructions to enforce the settlement agreement. We affirm the district court's denial of Casper's motion for fees and costs pertaining to proceedings before the parties entered into the settlement agreement.

BACKGROUND

In September 2017, Serta Simmons filed a patent infringement action against Casper, asserting infringement of certain claims of the '173, '763, and '935 patents. Those patents cover mattresses that include a channel and methods for forming it. These mattresses can have varying areas of firmness by inserting reinforcement of various types into their channels that can be located at regions where additional support is desired.

Casper filed three motions for summary judgment on the issue of non-infringement. The three motions were directed to non-infringement of Casper's (1) accused mattresses, (2) accused methods of manufacturing, and (3) redesigned mattresses. On June 18, 2018, while Casper's summary judgment motions were pending, the parties executed a settlement agreement ("Settlement Agreement").

It required Casper to pay $300,000 to Serta Simmons by June 28, 2018, cease manufacturing of the "Accused Wave products" by July 15, 2018, cease selling inventory by other specified dates, and "substantially discontinue" marketing and advertising of the "Accused Wave products" by August 15, 2018. J.A. 1867–68. The Settlement Agreement required that the parties, within five days of Casper's payment, file "appropriate papers to dismiss" all claims and counterclaims. J.A. 1868. It also "obligated [the parties] to 'release[] . . . [the other party] from all liabilities." J.A. 1868. The Settlement Agreement provided that the parties would "file a joint motion to stay the [case] pending final settlement." *Id.* Also on June 18, 2018, in accordance with their agreement, the parties filed a Joint Notice of Settlement and Motion to Stay, informing the district court that they "entered into a Settlement Agreement" and requesting that all deadlines be stayed "until July 5, 2018, by which date the [p]arties anticipate[d] they will have filed appropriate dismissal papers." J.A. 1839.

Nevertheless, without mentioning the Settlement Agreement, on June 20, 2018, the district court issued an order granting Casper's summary judgment motions of non-infringement. It reasoned that (1) channels in Casper's products were "not at the top or bottom of the physical mattress structure" as required by claims 1 and 4–7 of the '173 patent,[1] J.A. 8, and (2) Casper did "not form . . . channels by assembling foam pieces" as required by claims 8–9

---

[1]    These claims are product claims asserted by Serta Simmons, and they require a mattress comprising:

> [A] body . . . having a top surface, a bottom surface[] . . . [where] at least one of the top and bottom surfaces includ[es] a plurality of channels extending into the body perpendicularly therefrom . . . .

'763 patent, col. 6, ll. 8–18, 23–33.

and 11–12 of the '763 patent, claims 5–6 and 8 of the '173 patent, and claims 10 and 13 of the '935 patent,[2] "but [does so] by cutting." J.A. 13. It further stated that the "Clerk shall terminate the [summary judgment] motions . . . and enter judgment for Defendant Casper, dismissing the Complaint, with costs to be taxed by the Clerk." J.A. 15. No separate document of judgment was entered by the Clerk. The following week, Casper informed Serta Simmons that it would not make the payment required by the Settlement Agreement because the agreement was "null and void" given the summary judgment order. J.A. 1876.

Serta Simmons filed motions to enforce the Settlement Agreement and to vacate the summary judgment order, arguing that the judgment was void because the case became moot by virtue of the Settlement Agreement. The district court denied the motions. It reasoned that the case was not moot when it issued the summary judgment order because "the parties did not intend to immediately dismiss the claims, instead keeping the action alive until the parties fulfilled their obligations under the Settlement [Agreement]." J.A. 17. The district court also held that it lacked jurisdiction to enforce the Settlement Agreement once the summary judgment order issued. It then directed the "Clerk . . . to enter judgment for Casper in a separate document." J.A. 21. A few days later, the Clerk entered final

---

[2]     These claims are method claims asserted by Serta Simmons. Claims 8–9 and 11–12 of the '763 patent require:

> [A]ssembling the plurality of rectangular foam pieces to form the body having a channel in the region[] [of the body] . . . .

'763 patent, col. 6, ll. 34–44, 47–51. Asserted method claims of the '173 and '935 patents recite similar limitations.

judgment based on the district court's order that it resolved all claims and counterclaims.

Casper filed a motion for fees and costs under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the district court's inherent power based on Serta Simmons's alleged improper litigation tactics before execution of the Settlement Agreement—including pursuit of baseless infringement claims, abuse of discovery, filing of a baseless preliminary injunction motion, and untimely requesting reconsideration of the district court's claim construction. The district court denied that motion, reasoning that the case did not merit an award of fees under § 285 because it was "not an exceptional patent case warranting fee shifting." J.A. 48.

Serta Simmons appeals, and Casper cross-appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

We review de novo whether a case or controversy exists and apply Federal Circuit law. *See Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*, 933 F.3d 1367, 1372 (Fed. Cir. 2019). "[I]nterpretation of a settlement agreement [is a] question[] of law that we review de novo." *SUFI Network Servs., Inc. v. United States*, 785 F.3d 585, 590 (Fed. Cir. 2015).

## DISCUSSION

### I

Generally, a "[s]ettlement moots an action" because there is no longer a case or controversy with respect to the settled issues. *Gould v. Control Laser Corp.*, 866 F.2d 1391, 1392 (Fed. Cir. 1989) (citations omitted). Nevertheless, Casper argues that the parties' Settlement Agreement did not moot the action because it called for future performance providing that Casper had ten days to pay $300,000, after which the parties would file papers to dismiss the claims and then "be obligated to 'release[] . . . [the other party] from all liabilities." Appellee's Br. 38–39 (citing J.A. 1867–68)). We disagree.

In *Exigent Technology, Inc. v. Atrana Solutions*, Inc., 442 F.3d 1301 (Fed. Cir. 2006), we held that an enforceable settlement generally renders a case moot even though the parties have not yet performed the terms. There the parties signed an "Agreement in Principle Term Sheet," which included "an agreement to dismiss the . . . case under terms to be agreed to" and to execute a license agreement. *Id.* at 1304. The district court, however, granted the defendant's motion for summary judgment of non-infringement and ordered the case dismissed. *Id.* at 1305. We decided that the district court should have first determined whether the parties entered into an enforceable agreement because, if so, "it rendered moot the entry of final judgment" as "[s]ettlement moots an action." *Id.* at 1312 (quoting *Control Laser*, 866 F.2d at 1392). We thus recognized that a binding settlement generally moots an action despite the fact that the settlement agreement requires further implementing steps to be taken.

Other circuits have similarly held that "a settlement involving all parties and all claims moots an action . . . even if they contain executory terms." *Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986) (internal citations omitted); *accord Future Plastics, Inc. v. Ware Shoals Plastics, Inc.*, 407 F.2d 1042, 1046 (4th Cir. 1969); *Douglas v. Donovan*, 704 F.2d 1276, 1278–79 (D.C. Cir. 1983) (settlement mooted the case even though the settlement agreement required the defendant to make future payments); *Scott v. Livingston*, 628 F. App'x 900, 902–03 (5th Cir. 2015) (unpublished) (settlement agreement mooted the case even though the agreement called for future performance in the form of payment and dismissal); *Jarrow Formulas, Inc. v. Nature's Way Prods., Inc.*, 942 F.2d 791, 1991 WL 166438, at *1–2 (9th Cir. 1991) (unpublished) (settlement agreement mooted the case even though it required future performance—dismissing the pending claims). *See also Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666, 670

(2016), *as revised* (Feb. 9, 2016) (assuming that a binding settlement agreement would moot the action).

Casper contends that two Seventh Circuit decisions are to the contrary and that the case was not mooted by the Settlement Agreement, citing *Selcke v. New England Ins. Co.*, 2 F.3d 790 (7th Cir. 1993) and *Gould v. Bowyer*, 11 F.3d 82 (7th Cir. 1993). Those cases are not binding on us, are questionable on the merits, and in any event, are distinguishable since one involved a settlement agreement that was not yet binding (*Selcke*, 2 F.3d at 791–92), and the other potentially required further action by the court (Brief of Defendant-Appellant Larry Bowyer, *Gould v. Bowyer*, 11 F.3d 83 (7th Cir. 1993) (No. 92-3697), 1993 WL 13036997, at *5).

We conclude that a binding settlement agreement generally moots the action even if the agreement requires future performance.

While the issue is not before us in this case, we note that there are circumstances where a district court may refuse to enforce a settlement agreement or where the district court is obligated to refuse to enforce such an agreement. For example, district courts will not enforce settlement agreements that are contrary to law or public policy. *See Hurd v. Hodge*, 334 U.S. 24, 34–35 (1948); *Oscanyan v. Arms Co.*, 103 U.S. 261, 267–68 (1880); *Fomby-Denson v. Dep't of Army*, 247 F.3d 1366, 1373–75 (Fed. Cir. 2001).

Here, however, there is no contention that the Settlement Agreement or the relief sought by Serta Simmons is unlawful or contrary to public policy. There is also no dispute that the parties executed the Settlement Agreement before the district court issued the summary judgment order, and Casper has admitted that the agreement was

8          SERTA SIMMONS BEDDING, LLC v. CASPER SLEEP INC.

binding.[3]  The Settlement Agreement mooted the case even though it included terms that required future performance.[4]

Accordingly, we vacate the district court's entry of judgment and summary judgment order because the Settlement Agreement rendered moot the underlying infringement case.

II

The district court also denied Serta Simmons's motion to enforce the Settlement Agreement, reasoning that it did not have jurisdiction under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 382 (1994).

In *Kokkonen*, the parties reached an oral agreement before trial to settle.  511 U.S. at 376.  They executed a Stipulation and Order of Dismissal with Prejudice, which "did not reserve jurisdiction in the District Court to enforce the settlement agreement[] . . . [or] refer to [it]."  *Id.* at 376–377.  Later, when the defendant moved to enforce the agreement, the district court already had dismissed the action by signing the Stipulation and Order.  *Id.* at 377, 381–82.  The Supreme Court held that because the motion to enforce was filed after the proceeding was concluded and

---

[3]    During oral argument, Casper stated that "the agreement was binding and there's no dispute about that." Oral Arg. 22:19–21, available at http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2019-1098.mp3.

[4]    If non-performance of a contract term constitutes a material breach, the non-breaching party, of course, may have a right to rescind the settlement agreement and recommence litigation.  *See Thomas v. Dep't of Hous. & Urban Dev.*, 124 F.3d 1439, 1442 (Fed. Cir. 1997); *Parker v. Hoppe*, 178 N.E. 550, 552 (N.Y. 1931).  But the breach does not automatically terminate the contract.  Serta Simmons made no such election to rescind the agreement here.

the district court did not "retain jurisdiction over the settlement" through its dismissal order, the district court had lost ancillary jurisdiction over the agreement.[5] *Id.* at 381–82. *Kokkonen*, however, did not hold that a federal court cannot grant a motion to enforce filed before a dismissal of the case.

We apply Federal Circuit law in determining whether district courts have jurisdiction to enforce settlement agreements that resolve patent infringement claims. *See Voda v. Cordis Corp.*, 476 F.3d 887, 892 (Fed. Cir. 2007) (applying Federal Circuit law on issue of whether supplemental jurisdiction existed); *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1371 (Fed. Cir. 1994). We may, of course, look for guidance from other circuits.

While not binding, we find persuasive several Second Circuit cases holding that a district court has jurisdiction to enforce a settlement agreement when the proceedings are ongoing. Before *Kokkonen*, the Second Circuit held that "[a] district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). *See also Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989) (directing the district court to enforce the settlement where the claims were not dismissed and the case was ongoing), *abrogated on other grounds by Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994). After *Kokkonen*, the Second Circuit reaffirmed its decision in *Meetings & Expositions, BCM Dev., LLC v. Oprandy*, 490 F. App'x. 409, 409

---

[5]    Ancillary jurisdiction is different from supplemental jurisdiction codified in 28 U.S.C. § 1367. *See, e.g.*, *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966–97 (9th Cir. 2014) (explaining that *Kokkonen* recognized ancillary jurisdiction beyond § 1367).

(2d Cir. 2013) (unpublished) (citing *Meetings*, 490 F.2d at 717).

Other circuits have similarly held that "nothing in *Kokkonen* precludes district courts from enforcing settlements that occur during litigation." *T St. Dev., LLC v. Dereje & Dereje*, 586 F.3d 6, 10 (D.C. Cir. 2009); *Bailey v. Potter*, 478 F.3d 409, 412 (D.C. Cir. 2007) (jurisdiction to enforce a settlement agreement existed because "claims were still pending before the district court"); *Bryan v. Erie Cty. Office of Children & Youth*, 752 F.3d 316, 322 (3rd Cir. 2014) (same); *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 797 F.3d 83, 86 (1st Cir. 2015) (same).  Even Casper agrees that a court has jurisdiction to enforce a settlement if the "enforcement issue is raised during the pendency of the original case."  Appellee Br. 46 (citing *T Street*, 586 F.3d at 10; *Kokkonen*, 511 U.S. at 381).

We agree with those cases and conclude that under Federal Circuit law a district court has jurisdiction to enforce a settlement agreement that resolves patent infringement claims if the motion to enforce is filed before the case is dismissed and the proceedings are ongoing.

The parties here dispute whether the district court dismissed all claims and counterclaims and issued a final judgment before Serta Simmons filed the motion to enforce the Settlement Agreement.  We need not resolve that dispute.  As discussed earlier, our decision vacates the district court's judgment and summary judgment order.  Under our mandate, there will be no final judgment dismissing the parties' claims until the remand proceedings are concluded.  The district court will have jurisdiction to enforce the Settlement Agreement.

As an alternative ground, Casper contends that we may affirm the denial of Serta Simmons's motion to enforce because the summary judgment order frustrated the purpose of the Settlement Agreement and rendered it null and

void.  There is no merit to this contention since the summary judgment order was improper and must be vacated.

Accordingly, we direct the district court to enforce the Settlement Agreement during the remand proceedings.

III

On cross-appeal, Casper seeks fees and costs pertaining to proceedings that occurred prior to the Settlement Agreement's execution pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the district court's inherent power.  It argues that the district court erred by denying its fees motion.

Because we vacate the summary judgment order, and Casper is not a prevailing party, Casper's request under § 285 is moot as Casper conceded during oral argument.

We reject Casper's request for fees and costs relating to pre-settlement litigation under 28 U.S.C. § 1927 and the district court's inherent power.  The Settlement Agreement provides that "the Parties [are] to bear their own litigation costs and fees" and will "release . . . all . . . claims or demands, . . . attorneys' fees, . . . or any form of claim or compensation . . . arising out of the facts and circumstances underlying the Litigation."  J.A. 1868–69.  This language precludes an award of fees and costs pertaining to proceedings that occurred prior to the execution of the Settlement Agreement.

IV

For the foregoing reasons, we vacate the district court's judgment, summary judgment order, and order denying the motion to enforce the Settlement Agreement.  We remand with instructions to enforce the Settlement Agreement.  We affirm the district court's denial of fees and costs pertaining to proceedings that incurred before the Settlement Agreement.

12          SERTA SIMMONS BEDDING, LLC v. CASPER SLEEP INC.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND
REMANDED**

COSTS

Costs to Serta Simmons.