NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD YOEBSTL,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2024-1052

---

Petition for review of an arbitrator's decision in No. FMCS 220601-06430 by John T. Nicholas.

---

**ON MOTION**

---

Before HUGHES and STARK, *Circuit Judges*, and WANG, *District Judge*.[1]

PER CURIAM.

---

[1]    The Honorable Nina Y. Wang, District Judge, United States District Court for the District of Colorado, sitting by designation.

**O R D E R**

The Department of Veterans Affairs moves to dismiss this appeal as moot. Petitioner, Richard Yoebstl, opposes the motion. We dismiss the appeal for lack of jurisdiction.

Mr. Yoebstl was employed as an Electrical Industrial Controls Mechanic in the Facilities Management Office of the Department of Veterans Affairs John J. Pershing Medical Center in Poplar Bluff, Missouri. P.A. 1.[2] On May 1, 2019, Facilities Management Chief Shayne Minton gave Mr. Yoebstl a letter that proposed his removal under 38 U.S.C. § 714. P.A. 709–12. The proposed removal specified five instances of misconduct under four charges. P.A. 709–12. On May 10, 2019, Mr. Yoebstl responded to his proposed removal in writing. P.A. 108–10. On August 29, 2019, Mr. Yoebstl received a letter from Medical Center Director Patricia Hall at the U.S. Department of Veterans Affairs notifying him of the decision to remove him from employment effective August 30, 2019. P.A. 98–101.

On September 3, 2019, Mr. Yoebstl and his union filed a Step Three Grievance contesting Mr. Yoebstl's removal. P.A. 86–87. On September 20, 2019, Mr. Yoebstl invoked arbitration pursuant to his union's collective bargaining agreement and requested a panel of arbitrators. P.A. 117; *see also* 5 U.S.C. § 7121(e)(1). On September 11, 2023, the arbitrator sustained all four charges and upheld Mr. Yoebstl's removal. P.A. 23. On October 17, 2023, Mr. Yoebstl appealed the arbitrator's decision.

On December 21, 2023, as this appeal was pending, Mr. Yoebstl settled his claims by electing a remedy of no reinstatement with a one-time lump sum payment of

---

[2]    "P.A." refers to the corrected appendix filed with the Petitioner's merits briefing. *See* ECF No. 35.

$132,815.81, S.A. 63–64,[3] which was subsequently paid by the agency on March 3, 2024. S.A. 65. Mr. Yoebstl "agree[d] to release and waive any right to continue to pursue any complaint, claim, lawsuit, grievance, appeal, or proceeding of whatever nature arising from [his] adverse action by the Department pursuant to 38 U.S.C. § 714 predating [his] election." S.A. 64. Mr. Yoebstl further agreed that the agency could use the agreement "as evidence of [his] express authorization to dismiss any pending complaint, claim, lawsuit, grievance, appeal, or proceeding of whatever nature arising from [his] adverse action by the Department pursuant to 38 U.S.C. § 714 predating [his] election." S.A. 64.

Article III, § 2 of the United States Constitution confines the role of federal courts to the adjudication of "cases" or "controversies." Standing to sue is an aspect of the case-or-controversy requirement. *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 663–64 (1993). A case lacks "an actual or concrete dispute where the relief sought by a plaintiff is satisfied or otherwise rendered moot." *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974)). It is well-established that "a '[s]ettlement moots an action' because there is no longer a case or controversy with respect to the settled issues." *Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 950 F.3d 849, 852 (Fed. Cir. 2020) (alteration in original) (quoting *Gould v. Control Laser Corp.*, 866 F.2d 1391, 1392 (Fed. Cir. 1989)). "In the absence of Article III standing, a court lacks jurisdiction." *Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1378 (Fed. Cir. 2008).

Because there is no longer a case or controversy, we lack jurisdiction to consider Mr. Yoebstl's appeal. To the

---

[3]    "S.A." refers to the supplemental appendix filed with the Respondent's motion to dismiss. *See* ECF No. 50.

extent Mr. Yoebstl challenges the enforceability of the settlement, we do not have jurisdiction to find the settlement void in the first instance. *See Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) ("Appellate courts review [final] judgments; we do not find facts."). If Mr. Yoebstl wishes to challenge the settlement's enforceability, he must pursue an action in the appropriate forum.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Mr. Yoebstl's appeal is dismissed.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 8, 2025
Date