# United States Court of Appeals for the Federal Circuit

05-1338

EXIGENT TECHNOLOGY, INC.,

Plaintiff-Appellant,

v.

ATRANA SOLUTIONS, INC.,

Defendant-Appellee.

Matthew C. Wagner, Collen IP Intellectual Property Law, P.C., of Ossining, New York, argued for plaintiff-appellant. With him on the brief was Jeffrey A. Lindenbaum.

William M. Lee, Jr., Barnes & Thornburg LLP, of Chicago, Illinois, argued for defendant-appellee. With him on the brief were Peter J. Shakula and John P. Wappel. Of counsel on the brief was Jonathan D. Plotkin, Atrana Solutions, Inc., of Dallas, Texas.

Appealed from: United States District Court for the Southern District of Florida

Judge Marcia G. Cooke

# United States Court of Appeals for the Federal Circuit

05-1338

EXIGENT TECHNOLOGY, INC.,

Plaintiff-Appellant,

v.

ATRANA SOLUTIONS, INC.,

Defendant-Appellee.

_____

DECIDED:  March 22, 2006

_____

Before GAJARSA, DYK, and PROST, Circuit Judges.

DYK, Circuit Judge.

Exigent Technology, Inc. ("Exigent") appeals the district court's grant of summary judgment of non-infringement to Atrana Solutions, Inc. ("Atrana"), its denial, as moot, of Exigent's motion to vacate the grant of summary judgment and enforce an alleged settlement agreement, and its grant of attorney fees and costs.  We conclude that the district court properly found no genuine issue of material fact concerning infringement and properly rejected Exigent's Rule 56(f) motion.  However, we also conclude that the district court improperly denied as moot Exigent's motion to vacate and enforce the alleged settlement agreement.  We thus affirm in part, reverse in part, vacate in part, and remand in part.

BACKGROUND

Exigent owns U.S. Patent No. 6,651,885 ("'885 patent") on a "multi-function transaction processing system," which could be used in a variety of commercial transactions including credit card purchases and pre-paid phone card services. On March 2, 2004, Exigent brought suit against Atrana, alleging infringement of the '885 patent either literally or through the doctrine of equivalents. Exigent specifically asserted independent claims 1 and 47.[1]

The district court issued a scheduling order which set the close of fact discovery for September 10, 2004, the deadline for summary judgment motions for September 24, 2004, and the close of expert discovery for December 10, 2004. After the case had been redistributed to United States District Judge Marcia G. Cooke, Exigent submitted a status report, simply stating that it expected to finish discovery by April of 2005. The district court set a trial date of January 10, 2005, noting that all previously established deadlines would remain in force.

On August 30, 2004, the district court conducted a Markman hearing. Although Exigent did not file a Markman brief prior to the hearing, the district court permitted Exigent to file a supplementary brief and claim construction chart after the hearing.

---

[1] Claim 1 recites, in part, "[a] multi-function transaction processing system comprising: a) a transaction terminal . . . including a data entry facility and a transaction processor; b) said transaction processor . . . being communicatively associated with at least a control processor; c) said data entry facility including a payment authority input structured to accept a payment authority; d) said control processor structured to define a user account and to issue an authorization code associated with said user account at least in response to said payment authority . . . ." '885 Patent, col. 10, ll. 2-15. Claim 47 repeats this quoted portion of claim 1 except that it recites "at least one authorization code associated with said user account." '885 Patent, col. 13, l. 45 - col. 14, l. 9 (emphasis added).

On September 24, 2004, Atrana filed a twelve-page motion for summary judgment on the issues of infringement, invalidity, and unenforceability, describing the legal issues and identifying what proof it believed was lacking. In support of non-infringement, Atrana stated that "Exigent will not be able to establish that any system of Atrana infringes any claim of the '885 Patent" and specifically explained that Atrana's systems did not contain certain claim limitations. J.A. at 550. Atrana also attached a declaration from its Chief Executive Officer, Salah Boukadoum, stating that no Atrana system contained certain claim limitations. The district court granted Exigent two separate extensions of time to respond to the summary judgment motion. As a result, Exigent's response was due on October 29, 2004. On October 26, 2004, Exigent retained new counsel, and filed a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure seeking an extension of time to respond to the summary judgment motion so it could complete fact and expert discovery before responding to the summary judgment motion. Exigent did not file a substantive response to the summary judgment motion. The district court denied the Rule 56(f) motion on November 3, 2004.

On November 10, 2004, Exigent and Atrana attended a mandated mediation session where they signed an "Agreement in Principle Term Sheet," including an agreement to dismiss the current case under terms to be agreed and to license the patented system to Atrana in exchange for royalty payments—although the term "PIN" was left still to be defined. The Term Sheet contemplated that the parties would negotiate and sign a formal agreement. It stated:

> The parties agree to negotiate additional terms ordinarily in licensing agreements of this sort in good faith to within five business days execute a formal Settlement Agreement embodying these Principles and forward it to

> the Mediator for filing with the Court, failing which the mediator will report an impasse.

J.A. at 1168. Furthermore, the parties agreed "that this Agreement will not affect any deadlines set by the Court." J.A. at 1169. However, that same day, the district court granted Atrana's motion for summary judgment with respect to non-infringement, declining to reach the issues of invalidity and unenforceability. In so doing, the court construed several of the claim terms, including the terms "control processor," "user account," and "payment authority." The court then concluded that "the record is devoid of evidence demonstrating that Atrana infringed the '885 patent." J.A. at 41. The court then held that "there is no genuine issue of material fact regarding whether the Atrana device includes a control processor . . . . Nor does the accused device create accounts in response to receipt of a payment authority . . . . Moreover, the accused device does not have a card assembly with promotional materials contain[ed] thereon." Id. The court then "decline[d] to address" Atrana's invalidity and unenforceability arguments because it agreed with Atrana on non-infringement. Id. The court also denied all pending motions as moot.

The parties were apparently unable to execute a final settlement agreement. On November 18, 2004, Exigent filed a motion requesting that the district court vacate its decision granting summary judgment and enforce the alleged settlement agreement as reflected in the Term Sheet. On November 19, the mediator filed his report stating that "[a]n agreement was reached" as a result of the mediation session on November 10. J.A. at 1170. On November 22, the mediator filed a second report stating that "[p]er a telephone call from Defendant's counsel . . . the [mediator] has been informed that he should report an impasse." J.A. 1201.

On November 29, in response to a motion by Atrana, the district court amended its summary judgment order to note that the plaintiff bore the burden of proving that the accused device infringes "on each and every element of the asserted claims." J.A. at 43. The court stated that the amended order, which again denied all other pending motions as moot, would relate back to the date of the initial November 10 order. On March 10, 2005, the district court entered a final order of dismissal and awarded fees and costs to Atrana. On March 15, Exigent filed a motion for clarification of the final order, arguing that the court had not yet ruled on Exigent's motion to vacate the summary judgment grant and enforce the alleged settlement agreement, and therefore that the court could not issue a "final order." The district court denied Exigent's clarification motion, stating that all pending motions had been denied as moot. Exigent timely appealed. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(4).[2]

---

[2] At the time of this appeal, counterclaims concerning invalidity and unenforceability remained pending in the district court. On January 10, 2006, we issued an order directing the parties to obtain from the district court, under Federal Rule of Civil Procedure 54(b), an order nunc pro tunc to the original final judgment issued by that court. On January 23, 2006, the district court issued an order entering final judgment as to all of Exigent's claims, stating that "[t]he foregoing is hereby granted, nunc pro tunc to March 31, 2005." Exigent Tech., Inc. v. Atrana Solutions, Inc., No. 04-20484 (S.D. Fla. Jan. 23, 2006) (Order Certifying Final Judgment for Appeal Pursuant to Rule 54(b) and Dismissal of Defendant's Counterclaims). For good measure, the district court also dismissed the counterclaims without prejudice. We hold that the Rule 54(b) certification relates back to the March 31, 2005, final order, and that we now have appellate jurisdiction. See State Contracting & Eng'g Corp. v. Florida, 258 F.3d 1329, 1334-35 (Fed. Cir. 2001).

DISCUSSION

Exigent challenges the district court's (1) grant of summary judgment of non-infringement, (2) denial of its motion to vacate the summary judgment grant and enforce the settlement agreement, and (3) grant of attorney fees and costs.[3]

I

A.  The Summary Judgment Grant

Exigent argues that we should reverse the district court grant of summary judgment because the district court's claim construction was flawed and because Atrana failed to sufficiently support its summary judgment motion regarding non-infringement.

As to the claim construction, Exigent attempts to challenge many of the district court's constructions as too narrow.  However, the district court's judgment on non-infringement rested on the failure to meet three specific claim limitations:  (1) the inclusion of a "control processor," (2) the creation of accounts in response to receipt of a "payment authority," and (3) the inclusion of a "card assembly" with "promotional materials thereon."  We find no reversible error in the district court's construction of the term "payment authority," and thus need not reach the correctness of the district court's claim construction in other respects.

The district court construed the term "payment authority" in the '885 patent as "[d]ata that is input by the consumer that represents the monetary value of the

---

   [3]  Exigent appears to urge us to consider the issues raised in its Rule 60(b) motion to vacate the judgment based on an alleged breach of attorney client privilege. This motion, and the district court's order denying the motion, were filed after the notice of appeal in this case and are thus not part of the judgment under review.  We do not consider the district court's ruling in this appeal.  Exigent filed a separate notice of appeal from the proceedings below on January 30, 2006.

transaction and the consumer's authorization for payment that is received by the transaction terminal and is also used to define the value of the user's account." J.A. at 39. On appeal, Exigent argues that this construction is erroneous because the claims contain no reference to the "payment authority representing a monetary value" and because there is no limitation that the payment must be received by the transaction terminal. Exigent's Brief at 26. However, Exigent failed to make this argument to the district court. In fact, the district court's construction is not at odds with what Exigent proposed below. Exigent construed "payment authority" as "the information inputted by the user of the system as a result of acknowledging payment be it by cash, credit card or independent of the purchase or system. . . . In this context the data entry facility is physically structured to accept information acknowledging payment by <u>cash or credit card, etc.</u>" J.A. at 279 (emphasis added). Exigent also stated in its proposed construction chart: "payment authority – a credit card transaction or acknowledgment of cash payment from a consumer."[4] J.A. at 285. Thus Exigent itself suggested that "payment authority" represented a monetary value. Further, Exigent stated that a "data entry facility"—which is included in the "transaction terminal"—is structured to accept the "payment authority." Thus, Exigent did not make the argument to the district court that it now asserts on appeal. As a result, we will not disturb the court's construction of

---

[4] During the <u>Markman</u> hearing, Exigent explained that "the data entry facility in element C has authority input to accept a payment authority, and indeed a payment authority is defined. It can take a credit card or an acknowledgement of cash." J.A. at 252-53. Exigent later referred to "payment authority" as, "for example, a credit card transaction or a cash payment." J.A. at 257.

"payment authority."[5] Key Pharms. v. Hercon Labs. Corp., 161 F.3d 709, 714-16 (Fed. Cir. 1998). Because the construction of "payment authority" is sufficient to support the district court's non-infringement finding, we will not review the remainder of the disputed claim terms. Hoffer v. Microsoft Corp., 405 F.3d 1326, 1330 (Fed. Cir. 2005).

Exigent also argues that Atrana did not properly support its motion for summary judgment of non-infringement with evidence sufficient to establish non-infringement. The appropriateness of a grant of summary judgment in these circumstances is governed by the Supreme Court's decision in Celotex Corporation v. Catrett, 477 U.S. 316 (1986). In Celotex, the Supreme Court definitively explained how the burden of proof at trial affects summary judgment practice. There, Catrett filed a wrongful-death complaint against Celotex for asbestos exposure. Id. at 319. Celotex moved for summary judgment, contending that Catrett "'failed to produce evidence that any [Celotex] product . . . was the proximate cause of the injuries . . . .'" Id. (quoting Motion for Summary Judgment) (brackets and first ellipses in original). Celotex noted that Catrett had failed to identify, in response to interrogatories, any witnesses who could testify about the asbestos exposure. Id. at 320. The District of Columbia Circuit held that Celotex's motion was fatally defective because it "made no effort to adduce any

---

[5] Exigent also contends that the district court misconstrued the term "user account" (and included that term in its definition of "payment authority"). Exigent's theory is that the court, in defining "user account," used another disputed claim term—"control processor." But the court's use of "control processor" here does not depend on the disputed aspect of that term, i.e., whether a "control processor" must provide requisite confirmation. Moreover, the district court's reading of the claims as requiring that an account be created in response to receipt of a payment authority, is not at odds with Exigent's own proposed claim construction. Exigent's claim chart provided that "a control processor [ ] has the ability to define an account for a user of the transaction terminal . . . [i]n response to the receipt of a payment authority . . . ." J.A. at 280 (emphasis added).

evidence, in the form of affidavits or otherwise, to support its motion." Id. at 321 (quoting Catrett v. Johns-Manville Sales Corp., 756 F.2d 181, 184 (D.C. Cir. 1985) (emphasis in original). The Supreme Court reversed, making clear that on issues in which the nonmovant bears the burden of proof, in contrast to those in which the movant bears the burden,[6] the movant need not "produce evidence" showing the absence of a genuine issue of material fact in order to properly support its summary judgment motion. Celotex, 477 U.S. at 325. Instead, the Court explained, "the [summary judgment] motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323. "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Exigent argues that here Atrana's summary judgment motion was not supported by admissible evidence establishing non-infringement because the Boukadoum affidavit was merely conclusory and Boukadoum himself lacked the necessary expert qualifications. However, even assuming that the Boukadoum declaration should be given no weight, it is clear that Atrana did not have to support its motion with evidence of non-infringement. Celotex, 477 U.S. at 321. Exigent nonetheless argues that, even if

---

[6] See Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1368-69 (Fed. Cir. 2006) ("[I]f the [summary judgment] motion is brought by a party with the ultimate burden of proof, the movant must still satisfy its burden by showing that it is entitled to judgment as a matter of law even in the absence of an adequate response by the nonmovant. . . . Although it appears that this court has never reached this issue directly, its decisions support the principle that a non-movant is required to provide opposing evidence under Rule 56(e) only if the moving party has provided evidence sufficient, if

---

Atrana was not required to produce evidence of non-infringement, the motion was too cryptic, under regional circuit law, to shift the burden to Exigent to establish evidence of infringement.

In United States v. Four Parcels, 941 F.2d 1428 (11th Cir. 1991) (en banc), the Eleventh Circuit stated:

> Justice Rehnquist's opinion in Celotex does not explain exactly how the moving party may show the court that the nonmoving party will be unable to prove its case. In this circuit, "[e]ven after Celotex, it is never enough simply to state that the non-moving party cannot meet its burden at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir.1991); see also Celotex, 477 U.S. at 328, 106 S.Ct. at 2555 (White, J., concurring) . . . . Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial.

Id. at 1438 n.19 (internal citations omitted) (emphasis added).[7]  While the Supreme Court in Celotex did not articulate, with precision, the minimum that a movant must do in its motion to discharge its burden, the Court did explain that "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex, 477 U.S. at 324 (internal quotation marks omitted).  The Celotex Court also made clear that all that is required is "notice [to the party with the burden of proof] that she had to come forward with all of her

---

unopposed, to prevail as a matter of law.") (internal citations and quotation marks omitted).

[7]  After Four Parcels, the Eleventh Circuit continued to note the "confusion among courts as to the nature of the showing required when the movant seeks to discharge the initial responsibility . . . by demonstrating that there is an absence of evidence to prove a fact necessary to the non-movant's case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 n.2 (11th Cir. 1993).

evidence."[8]  Id. at 326.  In the light of Celotex, we conclude that nothing more is required than the filing of a summary judgment motion stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations.

This is precisely what was done here.  In pertinent part, Atrana's summary judgment motion stated that:

> Plaintiff Exigent will not be able to establish that any system of Atrana infringes any claim of the '885 Patent.  Most importantly, no Atrana system includes a control processor meeting the requirements of any of the claims of the '885 Patent.  More specifically, no Atrana system includes a control processor that as claimed is "structured to define a user account and to issue an authorization code associated with said user account at least in response to the payment authority" as required by the '885 Patent claims.  No Atrana system creates any account in response to receipt of a payment authority. . . . Atrana's systems do not infringe claim 47 for the additional reason that they do not include any control processor that issues "[ ] at least one authorization code structured to be provided to a merchant in connection with a purchase [ ]" as required by claim 47. . . . Atrana only provides consumers with access codes (also known as PINs) to be provided to a telephone service provider to obtain a telephone connection for making calls.  These access codes are not recognized by merchants for the purchase of anything at a point of sale. . . . Atrana [also] asserts that it does not infringe [claim 32] because no Atrana system includes a card assembly with promotional materials thereon. . . . Atrana also lacks a "transaction processor" that is "communicatively associated" with such a control processor.

---

[8]    "Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence. It would surely defy common sense to hold that the District Court could have entered summary judgment sua sponte in favor of petitioner in the instant case, but that petitioner's filing of a motion requesting such a disposition precluded the District Court from ordering it." Id. at 326 (citations omitted).

J.A. at 550-51. To the extent that the Eleventh Circuit has held that more is required, we do not follow it because it would be inconsistent with Celotex.[9] Microchip Tech. Inc. v. U.S. Phillips Corp., 367 F.3d 1350, 1356 (Fed. Cir. 2004) ("Where regional circuit authority is contrary to governing Supreme Court precedent we need not, and indeed must not, follow it.").

We therefore hold that the district court properly held that Atrana discharged its burden as the summary judgment movant. Exigent failed to set forth any argument or evidence of infringement—either literal or by equivalents—in response to Atrana's motion. In fact, Exigent admits that "no evidence of the accused device was ever submitted as part of the summary judgment record." Exigent's Br. at 35. Accordingly, the district court did not err in granting Atrana's motion for summary judgment.[10]

---

[9] Nor do we think that Justice White's concurrence in Celotex requires a contrary result. Justice White, who provided the fifth vote for the majority, stated that "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." 477 U.S. at 328. As noted above, we find that Atrana's motion went far beyond a conclusory assertion that Exigent had no evidence to prove its case.

[10] Exigent also argues that the district court's grant of summary judgment was in error because the court considered the accused product in rendering its claim construction. It is true that "[a] claim is construed in the light of the claim language . . . not in light of the accused device." SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc). However, it is appropriate for a court to consider the accused device when determining what aspect of the claim should be construed. See, e.g., Pall Corp. v. Hemasure Inc., 181 F.3d 1305, 1308 (Fed. Cir. 1999) ("Although the construction of the claim is independent of the device charged with infringement, it is convenient for the court to concentrate on those aspects of the claim whose relation to the accused device is in dispute."); Scripps Clinic & Research Found. v. Genetech, Inc., 927 F.2d 1565, 1580 (Fed. Cir. 1991) ("'In 'claim construction' the words of the claims are construed independent of the accused product . . . . Of course the particular accused product (or process) is kept in mind, for it is efficient to focus on the construction of only the disputed elements or limitations of the claims."); see also Donald S. Chisum, Chisum on Patents, § 18.03 at 18-71–18-74 (2005). That is all the district court did here, and that was not error.

05-1338                                    12

## B. Exigent's Rule 56(f) motion

Exigent also argues that the district court erred in denying Exigent's Rule 56(f) motion, and in refusing to allow Exigent to conduct further discovery before responding to the summary judgment motion. We apply the law of the regional circuit and review the district court's ruling on the Rule 56(f) motion for an abuse of discretion. Carmical v. Bell Helicopter Textron, Inc., 117 F.3d 490, 493 (11th Cir. 1997).

Under Rule 56(f), a party opposing summary judgment may request a continuance so that it can conduct any discovery needed to oppose the motion. Fed. R. Civ. P. 56(f) (2005). A Rule 56(f) motion must demonstrate, with particularity, what facts the movant hopes to obtain by discovery and how these facts will raise a genuine issue of fact. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1259 n.2 (11th Cir. 2004); Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998). The moving party must also have been diligent. Barfield v. Brierton, 883 F.2d 923, 931-33 & n.11 (11th Cir. 1989); Druid Hills Civic Ass'n v. Fed. Highway Admin., 833 F.2d 1545, 1550-51 (11th Cir. 1987).

Here, the district court granted Exigent two extensions of time to respond to the summary judgment motion, extending the deadline from October 11, to October 18, 2004, and then until October 29, 2004. In its Rule 56(f) motion filed on October 26, 2004, Exigent argued that Atrana had not yet responded to Exigent's document requests and that Exigent needed to review material regarding the "general composition and use of Defendant's allegedly infringing products," in order to respond to the summary judgment. J.A. at 1060. Exigent's problem is that the court had ordered that fact discovery be closed on September 10, 2004, more than a month earlier than the

Rule 56(f) motion. Although the district court extended the deadline for certain non-expert discovery until October 1, 2004, that date was still weeks before Exigent's Rule 56(f) motion. If Exigent believed that Atrana was not promptly responding to its discovery requests, it could, of course, have promptly sought the district court's assistance. It did not do so. Under these circumstances the district court could properly deny the Rule 56(f) motion, insofar as it sought more time for fact discovery, on the ground that Exigent had not been diligent. See Barfield, 883 F.2d at 931-33 & n.11 (upholding the denial of a Rule 56(f) motion where "the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options" and noting that the "most common situation in which [rule 56(f)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal . . . .") (internal citations and quotation marks omitted); see also 10B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil § 2741, at 429-31 (3d ed. 1998) ("[Rule 56(f)] will not be applied to aid a party who has been lazy or dilatory. . . . a request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.") (citing Druid Hills Civic Ass'n, 833 F.2d 1545).

On appeal, Exigent also argues that the district court (implicitly) adopted Atrana's expert's views on claim construction without giving Exigent the opportunity to complete expert discovery. Unlike fact discovery, expert discovery did not close until December 10, 2004, well after the date of the Rule 56(f) motion. While Exigent may have been sufficiently diligent in pursuing expert discovery, we conclude that the district court could properly deny the Rule 56(f) motion insofar as it was based on the need for expert

discovery. Exigent made an insufficiently detailed showing of need for such discovery with respect to the issue of infringement. Since the district court has discretion regarding whether to receive such expert testimony, Key Pharmaceuticals, 161 F.3d at 716, and claim construction is a legal issue, Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1996), we doubt that an asserted need for additional discovery on claim construction issues provides a good ground for a Rule 56(f) motion. In any event, the motion was here not properly supported. Aside from general recitations of the law, Exigent failed to specifically demonstrate that it needed additional discovery so that it could proffer expert testimony on claim construction issues. Exigent simply argued that "because of the technical nature of patent suits in general, as well as the complex issues that arise from Defendant's claims of invalidity and unenforceability, Plaintiff needs additional time to retain and consult with appropriate experts . . . ." J.A. at 1061-62. The district court did not abuse its discretion by denying Exigent's Rule 56(f) motion.

II

We now turn to Exigent's challenge of the district court's denial of its motion to vacate the summary judgment grant and enforce the settlement agreement. The district court was apparently unaware of the alleged agreement when it first issued its summary judgment decision. Although Exigent later argued to the district court that the agreement reached at the mediation was an enforceable one, the district court denied Exigent's motion as "moot" without further explanation. This was error for two reasons.

First, despite the summary judgment decision, the district court retained jurisdiction over the action since no final judgment had yet been entered. Therefore, it

had the authority to revisit its summary judgment grant, and the motion to vacate and enforce was not moot. See United States v. Benz, 282 U.S. 304, 306-08 (1931) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable.") (internal quotation marks omitted); Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 667 (Fed. Cir. 1986) (stating that "interlocutory decision[s] or order[s] [are] subject to revision by the district court at any time before entry of final judgment" under Rule 54).

Second, if the agreement was enforceable, it rendered moot the entry of final judgment. See, e.g., Gould v. Control Laser Corp., 866 F.2d 1391, 1392 (Fed. Cir. 1989) ("Settlement moots an action, although jurisdiction remains with the district court to enter a consent judgment") (internal citations omitted); 13A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Jurisdiction § 3533.2, at 233 (2d ed. 1984) (same). The district court was thus required to determine whether the parties had in fact entered into an enforceable agreement before it entered a final judgment.

Atrana points to a number of factors that suggest that the Agreement in Principle Term Sheet did not constitute an enforceable agreement. First, the term sheet expressly provides for additional negotiations, and failing such negotiations the mediator was to report an impasse to the court. Second, as part of a proposed licensing scheme, the parties left the term "PIN" to be defined later. Third, the term sheet expressly stated that "the parties agree that this Agreement will not affect any deadlines set by the Court in the above captioned action." In contrast, Exigent argues that all the essential terms had been agreed upon and therefore, even if some open issues remained for

negotiation, the term sheet was still enforceable.  If in fact the essential terms were not agreed to by the parties, there was no enforceable agreement.

With respect to the question of enforceability, we cannot tell whether the district court considered the motion on the merits, given its denial of the motion as moot. Therefore, we reverse the district court's order denying as "moot" Exigent's motion to vacate the summary judgment grant and enforce the settlement agreement, and remand for further proceedings.  In these further proceedings, the district court should articulate its grounds for finding the agreement either enforceable or unenforceable.

III

Finally, Exigent appeals the district court's award of attorney fees and costs.  An award of fees and costs was not proper unless Atrana was a prevailing party.  35 U.S.C. § 285 (2000).  Atrana cannot be a prevailing party if the case was resolved by settlement (not incorporated by judicial decree) prior to any relief on the merits.  See Akers v. Nicholson, 409 F.3d 1356, 1359 (Fed. Cir. 2005); Inland Steele Co. v. LTV Steel Co., 364 F.3d 1318, 1320-21 (Fed. Cir. 2004).  For this reason, we vacate this award so that the district court can reconsider its attorney fees and costs determination after it has determined the enforceability of the settlement agreement.  If it were to reaffirm its award of costs and fees, an appeal would, of course, be available to this court.

CONCLUSION

For the foregoing reasons, the decision below is affirmed in part, reversed in part, vacated in part, and remanded in part for further proceedings.

<u>AFFIRMED-IN-PART, REVERSED-IN-PART, VACATED-IN-PART, and REMANDED-</u>

<u>IN-PART</u>

COSTS

No costs.