Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1132


EON-NET LP,

Plaintiff-Appellant,

and

ZIMMERMAN, LEVI & KORSINSKY, L.L.P. and
JEAN-MARC ZIMMERMAN,

Sanctioned Parties-Appellants,

v.

FLAGSTAR BANCORP,

Defendant-Appellee.


Jean-Marc Zimmerman, Zimmerman, Levi & Korsinsky, L.L.P., of Westfield, New Jersey, argued for plaintiff-appellant and sanctioned parties-appellants.

Melissa J. Baily, Quinn Emanuel Urquhart Oliver & Hedges, LLP, of San Francisco, California, argued for defendant-appellee. With her on the brief was Daniel H. Bromberg, of Redwood Shores, California.


Appealed from: United States District Court for the Western District of Washington

Judge Marsha J. Pechman

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1132

EON-NET LP,

Plaintiff-Appellant,

and

ZIMMERMAN, LEVI & KORSINSKY, L.L.P. and JEAN-MARC ZIMMERMAN,

Sanctioned Parties-Appellants,

v.

FLAGSTAR BANCORP,

Defendant-Appellee.

DECIDED:  September 27, 2007

Before MICHEL, <u>Chief Judge</u>, SCHALL, <u>Circuit Judge</u>, and BUCKLO, <u>District Judge</u>.[*]

BUCKLO, <u>District Judge</u>.

Plaintiff-appellant Eon-Net, LP ("Eon-Net") brought suit against Flagstar Bancorp ("Flagstar") in the United States District Court for the District of New Jersey; the case was later transferred to the Western District of Washington.  Eon-Net appeals the judgment of the district court dismissing its patent infringement claim on summary judgment, as well as orders granting Flagstar attorneys fees and costs as a sanction

---

[*]     Honorable Elaine E. Bucklo, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

against Eon-Net's counsel Jean-Marc Zimmerman and Zimmerman, Levi & Korsinsky, L.L.P. and denying Eon-Net's cross-motion for sanctions. Eon-Net LP v. Flagstar Bancorp, No. C 05-2129 (W.D. Wash. Aug. 11, 2006) ("Order Granting Summary Judgment"); Eon-Net LP v. Flagstar Bancorp, No. C 05-2129 (W.D. Wash. Oct. 4, 2006) ("Order on Cross-Motions for Sanctions"); Eon-Net LP v. Flagstar Bancorp, No. C 05-2129 (W.D. Wash. Dec. 19, 2006) ("Order Setting Sanctions"). We affirm-in-part, vacate-in-part, and remand.

I.

Flagstar is a publicly-held savings bank and an originator of residential mortgage loans. It maintains a website, the primary purpose of which is to allow users to apply online for new home and home equity loans. Eon-Net is a patent-holding company and the owner of U.S. Patent No. 6,683,697 (the "'697 patent"). The '697 patent describes "an interface between information originating from a hard copy document and a computer application unit which uses the information." The '697 patent contains 101 claims, of which seven are independent. The first claim, as corrected, is for

> A multimode information processing system for inputting information from a document or file on a computer into at least one application program according to customizable transmission format instructions, and to operate in at least one of:
>
> a. a definition mode wherein content instructions are used to define input information from within said document or file required by said at least one application program; and
>
> b. an extraction mode to parse at least a portion of said document or file to automatically extract at least one field of information required by said at least one application program and to transfer said at least one field of information to said at least one application program according to said customizable transmission format instructions.

Eon-Net originally brought suit against Flagstar in the District of New Jersey, claiming that Flagstar had infringed the '697 patent by

> collecting information over the Internet pursuant to a claim of the '697 patent, and deploying for Defendant's own use an application distributed over the Internet in which information is collected and extracted from a customer of Defendant and processed on Defendant's server as defined by the claims of the '697 patent without permission from Eon-Net.

The district court granted Flagstar's motion to transfer the case to the Western District of Washington. Eon-Net, L.P. v. Flagstar Bancorp, No. Civ. A. 05 C 791 (D.N.J. Dec. 21, 2005).

After the case was transferred, Flagstar filed a motion for summary judgment contending that it was not liable for infringing the '697 patent because it used technology from Kofax Image Products, Inc. ("Kofax") to collect, manage, and process all electronic and hard-copy documents collected through its website, and because its use of Kofax technology was covered by a licensing agreement between Kofax and the entity that subsequently assigned the '697 patent to Eon-Net. Flagstar's motion for summary judgment explicitly assumed, for purposes of the motion, that the '697 patent as corrected is valid, the "unidentified" accused device "includes any products or technologies used by Flagstar to manage and process documents received through its website," and that those products or technologies are "within the scope of the claims of the '697 patent." In its memorandum opposing Flagstar's motion, Eon-Net contended that Flagstar did not use Kofax technology to perform online banking services on its website, but instead used technology from Digital Insight Corporation ("Digital Insight"), so that the "accused online banking services" Flagstar offered on its website were not covered by the Kofax license and could not be covered by Flagstar's license defense.

The district court granted summary judgment of noninfringement in favor of Flagstar, finding that Eon-Net failed to present facts demonstrating infringement, identify products that might infringe the '697 patent, "proffer a reasonable construction" for the '697 patent, or apply its construction to the allegedly infringing products. Order Granting Summary Judgment, slip op. at 1-2. In its order, the district court defined the '697 patent as describing and claiming "an interface between 'hard copy' documents and computer applications." Id. at 2. The district court noted that the '697 patent specification "describes the extraction of information from hard copy documents by scanning the documents, parsing the extracted information, and formatting the information for use." Id. The district court also noted that Eon-Net's complaint is "virtually identical" to thirteen other complaints "filed against parties with greatly disparate business operations." Id. at 3. The district court concluded that the parties agreed that Kofax software is covered by the license agreement between Kofax and Flagstar, and that although Eon-Net had alleged in a conclusory fashion that Flagstar's use of Digital Insight software on its online banking web pages infringed the '697 patent, there was no evidence that the '697 patent covered online banking services. Id. at 6-7.

Eon-Net filed a motion to reconsider raising the same arguments it has raised in the present appeal, that summary judgment was inappropriate because the district court improperly ignored Flagstar's stipulation that the accused products or technologies fell within the scope of the claims of the '697 patent, and improperly limited the claims of the '697 patent to an interface between hard copy documents and computer applications. The district court denied this motion. Eon-Net, LP v. Flagstar Bancorp, No. C 05-2129, slip op. at 4 (W.D. Wash. Sept. 27, 2006). It rejected Eon-Net's interpretation of

Flagstar's motion for summary judgment as seeking summary judgment only on the affirmative license defense, finding instead that Flagstar had sought summary judgment "because the undisputed material facts preclude finding Flagstar liable for patent infringement." Id. at 1. The district court explained that because Flagstar met its initial burden to show there was no evidence of infringement, Eon-Net had to demonstrate that there was evidence of infringement, but its identification of "online banking services" and "Digital Insight" software as infringing products was not supported by facts. Id. The ruling on the motion to reconsider did not reference Eon-Net's arguments about Flagstar's stipulation or the district court's purported sua sponte limitation of the '697 patent.

At the same time that it filed its motion for summary judgment, Flagstar filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 on the basis that Eon-Net had failed to investigate or identify allegedly infringing products prior to filing suit and had asserted baseless infringement claims. The district court granted Flagstar's motion, finding that it "must conclude" that Eon-Net's claims were baseless because Eon-Net had not performed a reasonable pre-filing inquiry as required by Rule 11, identified or investigated an accused product, or reasonably evaluated the '697 patent's claims. Order on Cross-Motions for Sanctions, slip op. at 6-15. The district court explained that it was "very concerned with Eon-Net's continuing conduct" in filing numerous identical complaints without sufficient investigation, and explicitly concluded that "indicia of extortion are present in this case." Id. at 16-17. The district court awarded Flagstar attorneys fees and costs, which the court later found to be $141,984.70. Order Setting Sanctions, slip op. at 1.

In response to Flagstar's motion for sanctions, Eon-Net asserted its own motion for sanctions under Rule 11 and 28 U.S.C. § 1927. It contended that Flagstar's Rule 11 motion and motion for summary judgment were baseless because Flagstar's counsel failed to conduct a reasonable inquiry of Eon-Net's pre-suit investigation and because Flagstar continued to assert a license defense over its use of the Kofax software when Flagstar knew or should have known that the Kofax license did not cover all of Flagstar's online banking activities. The district court summarily denied this motion, finding it "frivolous and without merit" because Rule 11(c)(1)(A) allows a 21-day safe harbor with which Eon-Net had not complied. Order on Cross-Motions for Sanctions, slip op. at 15. The district court further explained that the imposition of sanctions under § 1927 requires a gravity of conduct that was not present in this litigation. Id. at 16.

Plaintiff timely filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II.

We review a district court's grant of summary judgment "without deference drawing all justifiable inferences in favor of the nonmovant." Motionless Keyboard Co. v. Microsoft Corp., 486 F.3d 1376, 1379 (Fed. Cir. 2007) (citing Genentech, Inc. v. Amgen, Inc., 289 F.3d 761, 767 (Fed. Cir. 2002)). In reviewing a summary judgment ruling of noninfringement, we must "determine de novo whether the evidence in the record raises any genuine disputes about material facts. An evidentiary dispute is genuine if a jury could decide the issue either way, and its verdict would survive a motion for judgment as a matter of law." Id. at 1379-80 (quoting Gen. Elec. Co. v. Nintendo Co., Ltd., 179 F.3d 1350, 1353 (Fed. Cir. 1999)). Claim construction is a

question of law that we review without deference.  Id. at 1379 (citing Envirotech Corp. v. Westech Eng'g Inc., 904 F.2d 1571, 1574 (Fed. Cir. 1990); Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1266 (Fed. Cir. 1986)).

Eon-Net makes two main arguments why the district court's grant of summary judgment should be reversed.  First, it argues that because Flagstar's motion for summary judgment was limited to Flagstar's license defense, and because the motion explicitly accepted, for purposes of the motion, that the accused "products or technologies fall within the scope of the claims of the '697 Patent," Eon-Net did not have notice that the district court would sua sponte grant summary judgment on issues of claim construction and noninfringement.  Second, Eon-Net contends that it was improper for the district court to limit the '697 patent claims without conducting a Markman hearing.  We agree that the district court improperly granted summary judgment on issues of claim construction and noninfringement without affording Eon-Net an opportunity to contest the district court's conclusions.

In this circuit as in other circuits, a court may not sua sponte grant summary judgment on a particular ground without giving the non-moving party notice and an opportunity to present evidence and argument in opposition.  Pandrol USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1365 (Fed. Cir. 2003) (citing Fin. Control Sys. Pty, Ltd. v. OAM, Inc., 265 F.3d 1311, 1321 (Fed. Cir. 2001)); see also In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998) (citing Fed. R. Civ. P. 56(c)).  Flagstar contends that its motion for summary judgment should have put Eon-Net on notice that noninfringement was at issue because the motion began by stating, albeit briefly, that

Eon-Net had no evidence of infringement, and only then pointed to its license with Kofax as a specific way in which it did not infringe Eon-Net's patent.

In Exigent Technology., Inc. v. Atrana Solutions, Inc., 442 F.3d 1301 (Fed. Cir. 2006), this court addressed the proper showing for summary judgment as set forth in Celotex Corp. v. Catrett, 477 U.S. 317 (1986). We explained that under the Celotex standard, a party moving for summary judgment need not "'produce evidence' showing the absence of a genuine issue of material fact" on issues for which it does not bear the burden of proof, but need only give notice to the party with the burden of proof that it must come forward with all of its evidence. Exigent Tech., 442 F.3d at 1307-08 (citing Celotex, 477 U.S. at 325-26). In Exigent Technology, the appellant argued that the appellee's summary judgment motion was "too cryptic" to "shift the burden to [appellant] to establish evidence of infringement," but we concluded that the burden shifts when a motion for summary judgment states "that the patentee had no evidence of infringement and point[s] to the specific ways in which accused systems did not meet the claim limitations." 442 F.3d at 1308-09.

In this case, Flagstar did not attempt to meet its burden under Celotex to show the absence of a genuine issue of material fact about anything other than whether it had a valid license defense to Eon-Net's infringement claims. The district court's grant of summary judgment on other grounds, although those grounds may ultimately prove an appropriate basis for granting summary judgment, was sua sponte. Flagstar's motion for summary judgment explicitly assumed, for purposes of its motion, that the '697 patent as corrected was valid, that the accused device includes any products or technologies Flagstar uses to manage and process documents received through its

website, and that those products or technologies are "within the scope of the claims of the '697 patent." The preliminary statement and statement of facts in its motion only address the license. The header of its argument does generally contend that "undisputed material facts preclude finding Flagstar liable for patent infringement," but the body of its argument only addresses the license defense. The district court's summary judgment ruling concluded that summary judgment was appropriate because Eon-Net had not shown that the '697 patent covered the products or technologies used by Flagstar on its web pages, a conclusion directly contrary to Flagstar's concession in its motion. Order Granting Summary Judgment, slip op. at 6-8. The district court ignored Eon-Net's arguments in this regard in ruling on Eon-Net's motion to reconsider.

Eon-Net also did not have an opportunity to raise evidence of infringement and claim construction in its motion to reconsider, as Flagstar argues it should have done; its motion to reconsider properly argued that the district court's grant of summary judgment was without notice and appropriately requested an opportunity to present its arguments. The district court should have given Eon-Net an opportunity to fully present its arguments on these issues, even if the district court ultimately would have reached the same conclusion. We have previously held that where a district court construes a patent without following the necessary steps, we should remand the matter for further proceedings so that the district court can follow the appropriate steps. See Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1346 (Fed. Cir. 2002) (citing Graco, Inc. v. Binks Mfg. Co., 60 F.3d 785, 791 (Fed. Cir. 1995)).

III.

Eon-Net also contends on appeal that the district court erred in granting sanctions to Flagstar. We apply the law of the relevant regional circuit when reviewing the imposition of sanctions under Rule 11. Antonious v. Spalding & Evenflo Cos., Inc., 275 F.3d 1066, 1072 (Fed. Cir. 2002) (citing Abbott Labs. v. Brennan, 952 F.2d 1346, 1351 n.3 (Fed. Cir. 1991)). In the Ninth Circuit, the imposition of Rule 11 sanctions is reviewed under an abuse of discretion standard. Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (citing Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 750 (9th Cir. 1993)). "A district court abuses its discretion in imposing sanctions when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001) (citing Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1198 (9th Cir.1999)).

We agree that the district court erred in granting sanctions to Flagstar without allowing Eon-Net the opportunity to present arguments on claim construction. The district court levied sanctions because it found that Eon-Net and its counsel did not perform a reasonable pre-filing inquiry. Order on Cross-Motion for Sanctions, slip op. at 6-15. Federal Rule of Civil Procedure 11(b) requires that pleadings be submitted only after "an inquiry reasonable under the circumstances." Applying Ninth Circuit law, the Federal Circuit has concluded that under Rule 11 a party filing a patent infringement claim must first, at minimum, "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000). "The

presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." Id. However, an attorney may not be sanctioned solely for failing to conduct a reasonable inquiry as long as the complaint is well-founded. In re Keegan Mgmt. Co. Secs. Litig., 78 F.3d 431, 434 (9th Cir. 1996). Following the language of Rule 11, the Ninth Circuit also allows the imposition of sanctions where the court finds that a pleading is for an improper purpose such as "to harass or to cause unnecessary delay or needless increase in the cost of litigation." G.C. and K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 n.10 (9th Cir. 2003) (quoting Fed. R. Civ. P. 11(b)). The party seeking sanctions bears the burden of demonstrating by clear and convincing evidence that sanctions are justified. In re Zilog, Inc., 450 F.3d 996, 1007 (9th Cir. 2006).

The district court granted Flagstar's motion for summary judgment in large part because it believed that the '697 patent simply did not cover an interface between web-based forms and computer applications, but it reached this conclusion without a clear or detailed claim construction or infringement analysis. Immediately after granting the motion for summary judgment the district court set a hearing on Flagstar's motion for sanctions, during which it advised the parties that they "were not going to be rearguing the summary judgment motion" so that the arguments would be confined to "the Rule 11 issue." The district court's analysis in ruling on the motion for sanctions was confined to examining what kind of pre-filing inquiry Eon-Net's counsel conducted; it did not re-evaluate whether the complaint was well-founded since it had already concluded it was not. Compounding this problem was that, because Eon-Net had not had an opportunity to respond to the court's claim construction determinations made as part of its decision

on Flagstar's summary judgment motion, Eon-Net's sole opportunity to address these issues was in response to the motion for sanctions.

Although the district court applied the correct standard in addressing Flagstar's motion for sanctions, we conclude that its assessment of the evidence was "clearly erroneous" as to warrant vacatur. Patelco Credit Union, 262 F.3d at 913 (citation omitted). Ultimately, all of the district court's bases for awarding sanctions are tied to its conclusion that Eon-Net had not established that the '697 patent covered online web applications. First, there is evidence that Eon-Net's counsel did follow the requirements of View Engineering by applying the claims of the '697 patent to the accused device (portions of the Flagstar website) and concluding that there was a reasonable basis for a finding of infringement. 208 F.3d at 986. There is really no dispute that Eon-Net's counsel did examine portions of Flagstar's website and, based on his experience, concluded that it worked in a manner that infringed the '697 patent. The district court's real issue with Eon-Net's counsel's pre-suit investigation is that it was based on the conclusion that the '697 patent covered an embodiment in which information originates from computer files and not scanned hard copy documents. It determined that this conclusion by Eon-Net's counsel was unrealistic. While we are not passing judgment on what the appropriate construction of the '697 patent should be, without a full claim construction analysis it is impossible to assess whether Eon-Net's claim construction was unrealistic.

Eon-Net argued before the district court that applying the first claim of the '697 patent to the accused portions of Flagstar's website showed a reasonable basis for infringement because that claim is for a processing system for inputting information from

a document or file on a computer into at least one application program. In the absence of a claim construction or other evidence to the contrary, it cannot be said as a matter of law that the claims cannot be construed as Eon-Net claims. The specification also supports Eon-Net's infringement position because, although it initially describes a system for extracting information from hard copy documents through a scanner, it further provides that the hardware for inputting data can include "a keyboard, a light pen, a mouse, a touch screen, a laser scanner, a microphone, a tablet, a disk drive, a magnetic tape drive, and a modem." Even if the district court were correct to conclude that Eon-Net's counsel did not conduct a reasonable inquiry prior to filing suit, it was clearly erroneous for it to find that Eon-Net's claim construction was baseless absent more argument or analysis about the proper construction of the '697 patent's claims.

Flagstar makes much of the district court's finding that Eon-Net's suit had indicia of extortion. Sanctions are appropriate where a filing is made for an improper purpose even if that filing is not frivolous. Townsend v. Holman Consulting Corp., 929 F.2d 1359, 1362 (9th Cir. 1990) (citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 832 (9th Cir. 1986)). It may be true that ultimately Eon-Net's suit was for an improper purpose and that Eon-Net's pattern of filing nearly identical complaints against a wide variety of companies and then offering to settle those complaints for a relatively small amount of money is one indicia of that improper purpose. Order on Cross-Motions for Sanctions, slip op. at 2-3. Without full analysis of the merits of Eon-Net's claim construction arguments, however, the mere fact Eon-Net filed identical infringement suits against a variety of companies does not by itself establish an improper purpose; a company may hold a patent on a widely-used device or process that many different

types of companies use, as might be the case here if it is true that Eon-Net holds a valid patent on a process related to online web applications. It is also clear that the district court's finding of an improper purpose hinged on its conclusion that the '697 patent did not cover online applications, such that it believed that any suits Eon-Net was filing on this basis could be for no other purpose than to extort settlement amounts from other parties without ultimately having to prove what the district court considered to be baseless claims.

IV.

Finally, Eon-Net contends that the district court erred in denying its own cross-motion for sanctions under Rule 11 and 28 U.S.C. § 1927. The district court dismissed this cross-motion without much discussion, simply finding that the Rule 11 portion of the motion was "frivolous and without merit" because Rule 11(c)(1)(A) allows a 21-day "safe harbor" with which Eon-Net had not complied. Order on Cross-Motions for Sanctions, slip op. at 15. The district court also held that § 1927 requires a showing of very grave conduct that was simply not present in this case. Id. at 16. Eon-Net has only challenged the denial of sanctions under Rule 11, not under § 1927, so we need only consider the Rule 11 aspect of the district court's decision.

Eon-Net's cross-motion for sanctions argued Flagstar violated Rule 11 by failing to conduct any investigation of whether Eon-Net had conducted the required pre-suit investigation of its own claims, and that Flagstar's motion for summary judgment was frivolous because its license defense based on its use of Kofax software was frivolous. The district court correctly concluded, at least as to Eon-Net's argument concerning Flagstar's motion for summary judgment, that Eon-Net's motion was without merit

because Rule 11 normally requires that a party seeking sanctions give the other party 21 days to withdraw or correct the offending pleading before filing for sanctions. Id. at 16 (citing Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998)).

With respect to Eon-Net's arguments concerning its cross-motion for sanctions based on Flagstar's own motion for sanctions, the district court erred in finding that Eon-Net was required to give Flagstar a 21-day safe harbor to withdraw its cross-motion. As Eon-Net argues, the Ninth Circuit has previously held that a party defending a Rule 11 motion need not comply with Rule 11's safe harbor provisions in filing a cross-motion for sanctions based on the frivolousness of the original motion for sanctions. Patelco, 262 F.3d at 913 (citations omitted). However, we still affirm the district court's denial of Eon-Net's motion. See Glaxo Group, Inc. v. TorPharm, Inc., 153 F.3d 1366, 1371 (Fed. Cir.1998) (holding that an appellate court may "affirm a judgment of a district court on any ground the law and the record will support so long as that ground would not expand the relief granted"). Here, the record demonstrates that Eon-Net did not meet its burden to show by clear and convincing evidence that Flagstar's motion for sanctions was not well-grounded or was filed for an improper purpose, or that sanctions were otherwise justified. See In re Zilog, Inc., 450 F.3d at 1007.

V.

Because we find that the district court improperly granted summary judgment sua sponte without affording Eon-Net notice and the opportunity to present argument on infringement and the appropriate construction of the '697 patent, we vacate the district court's grant of summary judgment in favor of Flagstar and vacate the district court's grant of sanctions to Flagstar. We affirm the district court's denial of sanctions to Eon-

Net.  The case is remanded to the district court for further proceedings consistent with this opinion.[1]

---

[1]  We deny Eon-Net's request that we direct the reassignment of the case to another judge on remand.